IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **LEVANDER L. WATSON, JR.,** | ) | Chapter 13 |
| | ) | |
| | ) | Case No. 23-30536 |
| Debtor. | ) | |
| | ) | |
| **LEVANDER L. WATSON, JR. and** | ) | |
| **JENNY P. HOLMAN, Chapter 13 Trustee for** | ) | |
| **the Bankruptcy Estate of Levander L. Watson,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 23-03028 |
| | ) | |
| **FOREST POND HOMEOWNERS** | ) | |
| **ASSOCIATION, INC., BLACK SLAUGHTER** | ) | |
| **& BLACK, P.A.**; and **CCSD** | ) | |
| **PROPERTIES, LLC**, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AMENDED COMPLAINT

NOW COME Levander L. Watson, Jr. (the "Debtor") and Jenny P. Holman, Chapter 13

Trustee for the Bankruptcy Estate of Levander L. Watson, (the "Trustee," and with the Debtor,

the "Plaintiffs") and amend their Complaint, previously filed on August 8, 2023, against Forest

Pond Homeowners Association, Inc. (the "HOA"); Black Slaughter & Black, P.A. d/b/a Law

Firm Carolinas ("BSB"), and CCSD Properties, LLC ("CCSD") (jointly, the "Defendants") as

follows:

MWH: 10802.001; 00028959.1

**PARTIES**

1.      The Debtor is a citizen and resident of Mecklenburg County, North Carolina.

2.      The Trustee is the standing Chapter 13 Trustee for the Charlotte Division of the United States Bankruptcy Court for the Western District of North Carolina.

3.      On information and belief, the HOA is a non-profit corporation organized pursuant to the laws of the State of North Carolina with a principal place of business located in Mecklenburg County.

4.      On information and belief, BSB is professional association organized pursuant to the laws of the State of North Carolina with a principal place of business located in Guilford County.   On further information and belief, BSB conducts substantial business activity throughout North Carolina, including within Mecklenburg County.

5.      On information and belief, CCSD is a limited liability company organized pursuant to the laws of the State of North Carolina with a principal place of business located in Mecklenburg County.

**JURISDICTION & VENUE**

6.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

7.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8.      Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409.

9.      The statutory predicates for relief are 11 U.S.C. §§ 544, 548, and 550.

10.     The Debtor and the Trustee commence this action pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

11.     On August 2, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code in this Court.

12.     Prior to filing for bankruptcy protection, the Debtor was the record owner of certain real property located at 6308 Forest Pond Drive in Charlotte (the "Property").

13.     The Debtor originally acquired the Property on or about December 29, 2011, as evidenced by a North Carolina General Warranty Deed recorded at Book 26999, pages 340-342 of the Mecklenburg County Registry (the "Debtor's Deed").  A true and accurate copy of the Debtor's Deed is attached hereto as **<u>Exhibit A</u>** and incorporated by reference as if fully set forth herein.

14.     The Debtor's Deed contains no indication that the Property is subject to any restrictions or recorded declarations.

15.     The Debtor purchased the Property from Leonard and Ruby Burch, the Debtor's brother and sister-in-law.  The Burches acquired the Property on or about November 20, 1998, from Keystone Builders Resource Group of Charlotte, LLC by a North Carolina General Warranty Deed recorded at Book 10124, pages 194-196 of the Mecklenburg County Registry (the "Burch Deed").

16.     As with the Debtor's Deed, the Burch Deed contains no indication that the Property is subject to any restrictions or recorded declarations.

17.     Since acquiring the Property, the Debtor has continuously used it as his primary residence.

18.     The Property is encumbered by a deed of trust securing a promissory note in favor of Wells Fargo Bank, N.A. ("Wells Fargo").

19.     The Debtor estimates the balance of the debt owed to Wells Fargo and secured by the Property is approximately $92,000.00.

20.     The Mecklenburg County Tax Assessor appraises the value of the Property at $328,100.00.  A true and accurate copy of the property card available on the Tax Assessor's website at https://property.spatialest.com/nc/mecklenburg/#/property/61445/print is attached hereto as **Exhibit B** and incorporated by reference as if fully set forth herein.

21.     For the first ten years that the Debtor resided at the Property, the Debtor never received any communications from any homeowners' association, nor did he ever receive any bills for assessments from any homeowners' association.

22.     On information and belief, the Burches likewise never had any communications with any homeowners' association, nor did they receive any bills for assessments during the years that they owned the Property.

23.     Also on information and belief, BSB acted as legal counsel for the HOA prior to May 10, 2021.

24.     On further information and belief, BSB filed a notice of lien on behalf of the HOA against the Property on or about April 21, 2021, allegedly relating to unpaid homeowners' association assessments, fines, and legal fees.

25.     On or about the 10th of May 2021, the HOA subsequently appointed BSB to act as trustee to file and conduct a foreclosure action on the Property pursuant to the aforementioned notice of lien.

26.     Sometime in April of 2022, the Debtor returned home from work to find a *Notice of Hearing Prior to Foreclosure* (the "Foreclosure Notice") taped to his front door.  Among other things, the Foreclosure Notice indicated that the Debtor owed the HOA money for unpaid

assessments, which money should be paid to BSB to avoid a foreclosure hearing on the Property scheduled for May 9, 2022.

27.     On May 6, 2022, the Debtor traveled to BSB's offices in Greensboro, North Carolina.  The Debtor informed one of BSB's employees that he wished to pay all the money he owed to the HOA in order to resolve the pending lien foreclosure.  The Debtor presented his debit card to the employee, who used it to debit $1,522.36 from the Debtor's bank account.

28.     At the time BSB initiated the debit transaction, the Debtor had sufficient funds in his account to pay the full amount due, if any, to satisfy the debt allegedly owed to the HOA.

29.     A true and accurate copy of the Debtor's bank statement for May 2022 is attached hereto as **Exhibit C** and incorporated by reference as if fully set forth herein.

30.     BSB then informed the Debtor that he owed additional monies to the HOA with respect to the pending foreclosure proceeding against the property.

31.     In response, the Debtor made a second trip to BSB's Greensboro office on June 14, 2022, where he again presented his debit card and informed a BSB employee that he wished to pay the amounts that he allegedly owed to the HOA.

32.     The BSB employee accepted the Debtor's debit card and took an additional $544.12 payment from his bank account in payment of amounts allegedly owed to the HOA.

33.     At the time BSB initiated this second debit transaction, the Debtor had sufficient funds in his account to pay the full amount due, if any, to satisfy the debt allegedly owed to the HOA.

34.     A true and accurate copy of the Debtor's bank statement for June 2022 is attached hereto as **Exhibit D** and incorporated by reference as if fully set forth herein.

35.     Neither BSB nor the HOA communicated to the Debtor that any additional funds were allegedly due from him with respect to the foreclosure proceeding after his June 14, 2022 payment to BSB.

36.     On or about June 6, 2023, the Debtor returned home from work to find a letter from CCSD posted on his door informing him that BSB had conducted a foreclosure sale of the Property during which CCSD purchased the Property.

37.     According to records filed with the Clerk of Superior Court of Mecklenburg County, North Carolina, the Clerk conducted a foreclosure hearing on or about February 27, 2023, and entered an order authorizing the sale of the Property (the "Foreclosure Order").

38.     A true and accurate copy of the Foreclosure Order is attached hereto as **Exhibit E** and incorporated by reference as if set forth herein.

39.     The February 27, 2023 foreclosure hearing occurred more than six months after the Debtor attempted to pay BSB all amounts owed to the HOA, and BSB accepted his payments, on May 6 and June 14, 2022.

40.     BSB conducted an auction of the Property on or about April 20, 2023, at which sale CCSD became the last and highest bidder on the Property by submitting an upset bid of $2,359.23.

41.     BSB subsequently executed a *Trustee's Quitclaim Deed* to CCSD (the "Quitclaim Deed"), which deed was recorded at Book 38160, pages 617-618 of the Mecklenburg County Registry.

42.     A true and accurate copy of the Quitclaim Deed is attached hereto as **Exhibit F** and incorporated by reference as if fully set forth herein.

43.     The transfer of the Property to CCSD (the "Transfer") dispossessed the Debtor of his most valuable asset, while leaving him personally liable to Wells Fargo on his largest liability.

44.     As such, the conveyance of the Debtor's interest in the Property rendered the Debtor insolvent.

## FIRST CLAIM FOR RELIEF
Avoidance of Transfer
Pursuant to 11 U.S.C. § 548
(Constructive Fraud)

45.     The Plaintiffs reallege all paragraphs of this Amended Complaint and incorporate them by reference as if set forth fully herein.

46.     The Transfer was made within two years of the Petition Date and constituted one or more transfers of an interest of the Debtor in property.

47.     The Debtor received less than reasonably equivalent value in exchange for the Transfer.

48.     The Debtor was insolvent on the date that the Transfer was made or became insolvent as a result of such Transfer.

49.     At the time of the Transfer, the Debtor was engaged in business or a transaction, or was about to engage in business or transactions, for which any property remaining with the Debtor was an unreasonably small capital.

50.     At the time of the Transfer the Debtor believed that he would incur debts that were beyond the Debtor's ability to pay as such debts matured.

51.     The Plaintiffs are therefore entitled to avoidance of the Transfer pursuant to 11 U.S.C § 548.

**SECOND CLAIM FOR RELIEF**
Avoidance of Transfer
Pursuant to 11 U.S.C. § 544(b) and N.C. Gen. Stat. § 39-23.1 *et seq.*
(Constructive Fraud)

52.     The Plaintiffs reallege all paragraphs of this Amended Complaint and incorporate them by reference as if fully set forth herein.

53.     The Transfer was made within four years of the Petition Date and constituted a transfer of an interest of the Debtor in property.

54.     The Debtor received less than reasonably equivalent value in exchange for the Transfer.

55.     The Debtor was insolvent on the date that the Transfer was made or became insolvent as a result of such Transfer.

56.     At the time of the Transfer, the Debtor was engaged in business or a transaction, or was about to engage in business or transactions, for which any property remaining with the Debtor was an unreasonably small capital.

57.     At the time of the Transfer the Debtor believed that he would incur debts that were beyond the Debtor's ability to pay as such debts matured.

58.     The Plaintiffs are therefore entitled to avoidance of the Transfer pursuant to 11 U.S.C. § 544(b) and N.C. Gen. Stat. § 39-21.1 *et seq.*

**THIRD CLAIM FOR RELIEF**
Recovery of Transfer
Pursuant to 11 U.S.C. § 550

59.     The Plaintiffs reallege all paragraphs of this Amended Complaint and incorporate them by reference as if fully set forth herein.

60.     The Transfer is avoidable pursuant to 11 U.S.C. §§ 544 and 548.

61.     Each of the Defendants were either the initial transferees of the Transfer or the entity for whose benefit the Transfer was made.

62.     Alternatively, each of the Defendants was the immediate or mediate transferee of such initial transferee.

63.     The Plaintiffs are therefore entitled to recover the Transfer or its value from the Defendants pursuant to 11 U.S.C. § 550(a).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray the Court for the following relief:

1.     Entry of judgment against the Defendants on Counts 1-3 of the Amended Complaint avoiding the Transfer and recovering the Property transferred or its value;

2.     That all sums awarded to the Plaintiffs in this matter be taxed to the Defendants jointly and severally;

3.     Entry of judgment awarding the Debtor the costs incurred in pursuing this action, together with all interest at the applicable legal rate, costs, expenses, and attorneys' fees to the extent permitted by law; and

4.     Such other relief as the Court deems just and proper.

This the 17th day of August, 2023.

| MOON WRIGHT & HOUSTON, PLLC | OFFICE OF THE CHAPTER 13 TRUSTEE |
|---|---|
| */s/ Richard S. Wright* | */s/ Jenny P. Holman* |
| Richard S. Wright (Bar No. 24622) | Jenny P. Holman, Chapter 13 Trustee |
| Caleb Brown (Bar No. 41131) | 5970 Fairview Road, Suite 650 |
| 212 N. McDowell Street, Suite 200 | Charlotte, North Carolina 28210 |
| Charlotte, North Carolina 28204 | Telephone:  (704) 372-9650 |
| Telephone:  (704) 944-6560 | Facsimile:  (704) 522-6385 |
| Facsimile:  (704) 944-0380 | *Chapter 13 Trustee* |
| *Counsel for Debtor* | |