IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 13 |
| LEVANDER L. WATSON, JR., | ) | |
| | ) | Case No. 23-30536 |
| Debtor. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| LEVANDER L. WATSON, JR. and | ) | |
| JENNY P. HOLMAN, Chapter 13 Trustee | ) | |
| For the Bankruptcy Estate of Levander L. | ) | |
| Watson, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 23-03028 |
| FOREST POND HOMEOWNERS | ) | |
| ASSOCIATION, INC., | ) | |
| BLACK, SLAUGHTER & BLACK, P.A., | ) | |
| and CCSD PROPERTIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

**ANSWER OF BLACK, SLAUGHTER & BLACK, P.A. TO AMENDED COMPLAINT**

Defendant Black, Slaughter & Black, P.A. d/b/a Law Firm Carolinas ("Defendant BSB"),

by and through its undersigned counsel, hereby responds to the correspondingly numbered

paragraphs of the Amended Complaint of Plaintiffs as follows:

1.      Defendant BSB lacks sufficient information so as to form an opinion to the truth or

falsity of the allegations set forth in Paragraph 1 of the Amended Complaint and, therefore, the

same are denied.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.  Admitted, upon information and belief.

6.  Admitted.

7.  Admitted.

8.  The allegations contained in Paragraph 8 of the Amended Complaint call for a legal conclusion to which no response is required.

9.  The allegations contained in Paragraph 9 of the Amended Complaint call for a legal conclusion to which no response is required; to the extent that a response is required, denied.

10.  The allegations contained in Paragraph 10 of the Amended Complaint call for a legal conclusion to which no response is required; to the extent that a response is required, denied.

11.  Admitted.

12.  It is admitted, upon information and belief, that Debtor acquired ownership of that real property located at 6308 Forest Pond Drive in Charlotte, North Carolina pursuant to a General Warranty Deed recorded with the Mecklenburg County Register of Deeds on or about December 29, 2011 in Book 26999, Page 340-342.  It is further admitted that the Property was subsequently transferred to Defendant CCSD on or about June 1, 2023 pursuant to that Trustee's Quitclaim Deed filed with the Mecklenburg County Registry in Book 38160, Page 617.  Except as specifically admitted herein, any and all remaining allegations contained in Paragraph 12 of the Amended Complaint are denied.

13.  Admitted, upon information and belief.

14.  It is admitted, upon information and belief, that Debtor acquired ownership of that real property located at 6308 Forest Pond Drive in Charlotte, North Carolina pursuant to a General Warranty Deed recorded with the Mecklenburg County Register of Deeds on or about December 29, 2011 in Book 26999, Page 340-342, which deed specifically references and describes the

property as "all of Lot 21, Block 3, FOREST POND, Phase 1, as shown on Map 3, thereof recorded in Map Book 27, Page 522 of the Mecklenburg County Public Registry.  Reference which is hereby made for a more particular description" and that the map or plat recorded in Map Book 27, Page 522 of the Mecklenburg County Public Registry specifically references restrictions and recorded declarations applicable to the properties, including the Property, reflected therein.  Except as specifically admitted herein, any and all remaining allegations contained in Paragraph 14 of the Amended Complaint are denied.

15.     Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 15 of the Amended Complaint and, therefore, the same are denied.

16.     It is admitted, upon information and belief, that Debtor acquired ownership of that real property located at 6308 Forest Pond Drive in Charlotte, North Carolina pursuant to a General Warranty Deed recorded with the Mecklenburg County Register of Deeds on or about December 29, 2011 in Book 26999, Page 340-342, which deed specifically references and describes the property as "all of Lot 21, Block 3, FOREST POND, Phase 1, as shown on Map 3, thereof recorded in Map Book 27, Page 522 of the Mecklenburg County Public Registry.  Reference which is hereby made for a more particular description" and that the map or plat recorded in Map Book 27, Page 522 of the Mecklenburg County Public Registry specifically references restrictions and recorded declarations applicable to the properties, including the Property, reflected therein.  Except as expressly admitted herein, Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the remaining allegations set forth in Paragraph 16 of the Amended Complaint and, therefore, the same are denied.

17. Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 17 of the Amended Complaint and, therefore, the same are denied.

18. Admitted, upon information and belief.

19. Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 19 of the Amended Complaint and, therefore, the same are denied.

20. Admitted, upon information and belief.

21. Denied.

22. Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 22 of the Amended Complaint and, therefore, the same are denied.

23. Admitted.

24. It is admitted that, on or about April 21, 2021, Defendant HOA caused to be filed, by and through its counsel or Defendant BSB, a Claim of Lien for unpaid assessments, attorney's fees, costs and other amounts due to Defendant HOA, which Claim of Lien was served upon Debtor as provided for under N.C. Gen. Stat. § 47F-3-116 or § 47C-3-116. Except as specifically admitted herein, any and all remaining allegations contained in Paragraph 24 of the Amended Complaint are denied.

25. It is admitted that, on or about May 12, 2021, Defendant HOA appointed Defendant BSB to act as its Trustee and to file and conduct a foreclosure proceeding or action with regard to the Property and the Claim of Lien previously filed. Except as specifically admitted herein, any and all remaining allegations contained in Paragraph 25 of the Amended Complaint are denied.

26.     It is admitted that, on or about May 2, 2022, Defendant HOA, by and through its counsel or Defendant BSB, caused to be issued and filed a Notice of Hearing Prior to Foreclosure ("Notice"), which Notice was served upon Debtor as required and authorized by law.  The contents of said Notice, which indicated an amount due from Debtor of not less than $2,544.71 as of its filing, speak for themselves.  Except as specifically admitted herein, any and all remaining allegations contained in Paragraph 26 of the Amended Complaint are denied.

27.     It is admitted that, on or about May 6, 2022, Debtor and Defendant HOA entered into a payment plan for the payment to Defendant HOA of those moneys owed by Debtor and that, in furtherance of such plan, Debtor was required to make an initial payment in the amount of $1,522.36 on May 6, 2022 and additional payments in the amount of $544.12 each on or before June 30, July 29 and August 31, 2022, all while the foreclosure action remained pending against the Property.  It is further admitted that, on May 6, 2022 and pursuant to such payment plan, Debtor made an initial, partial payment, using his credit or debit card, toward those moneys owed by him to Defendant HOA, which partial payment in the amount of $1,522.36 was accepted by Defendant BSB at its Greensboro, North Carolina office on behalf of Defendant HOA.  It is specifically denied that the partial payment made by Debtor on May 6, 2022 fulfilled or completed Debtor's obligations under the payment plan or satisfied, in full, the moneys owed by Debtor to Defendant HOA, including those moneys specifically noted in the foreclosure Notice previously served upon Debtor.  Except as specifically admitted herein, any and all remaining allegations contained in Paragraph 27 of the Amended Complaint are denied.

28.     It is admitted that, on May 6, 2022 and pursuant to the payment plan entered into by and between Debtor and Defendant HOA, Debtor made an initial, partial payment, using his credit or debit card, toward those moneys owed by him to Defendant HOA, which partial payment

in the amount of $1,522.36 was accepted by Defendant BSB at its Greensboro, North Carolina office on behalf of Defendant HOA. It is specifically denied that the partial payment made by Debtor on May 6, 2022 fulfilled or completed Debtor's obligations under the payment plan or satisfied, in full, the moneys owed by Debtor to Defendant HOA, including those moneys specifically noted in the foreclosure Notice previously served upon Debtor. Except as specifically admitted herein, Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the remaining allegations set forth in Paragraph 28 of the Amended Complaint and, therefore, the same are denied.

29.     Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 29 of the Amended Complaint and, therefore, the same are denied.

30.     It is admitted that, on or about May 6, 2022, Debtor and Defendant HOA entered into a payment plan for the payment to Defendant HOA of those moneys owed by Debtor and that, in furtherance of such plan, Debtor was required to make an initial payment in the amount of $1,522.36 on May 6, 2022 and additional payments in the amount of $544.12 each on or before June 30, July 29 and August 31, 2022, all while the foreclosure action remained pending against the Property. Except as specifically admitted herein, any and all remaining allegations contained in Paragraph 30 of the Amended Complaint are denied.

31.     It is admitted that, pursuant to the payment plan entered into by and between Debtor and Defendant on or about May 6, 2022, Debtor made a second partial payment, using his credit or debit card, towards those moneys owed by him to Defendant HOA, which second partial payment in the amount of $544.12 was accepted by Defendant BSB at its Greensboro, North Carolina office on behalf of Defendant HOA. It is specifically denied that this second, partial

payment fulfilled Debtor's obligations under the payment plan or satisfied, in full, the moneys owed by Debtor to Defendant HOA, including those moneys specifically noted in the foreclosure Notice previously served upon Debtor. Except as specifically admitted herein, any and all remaining allegations contained in Paragraph 31 of the Amended Complaint are denied.

32. It is admitted that, pursuant to the payment plan entered into by and between Debtor and Defendant on or about May 6, 2022, Debtor made a second partial payment, using his credit or debit card, towards those moneys owed by him to Defendant HOA, which second partial payment in the amount of $544.12 was accepted by Defendant BSB at its Greensboro, North Carolina office on behalf of Defendant HOA. It is specifically denied that this second, partial payment fulfilled Debtor's obligations under the payment plan or satisfied, in full, the moneys owed by Debtor to Defendant HOA, including those moneys specifically noted in the foreclosure Notice previously served upon Debtor. Except as specifically admitted herein, any and all remaining allegations contained in Paragraph 32 of the Amended Complaint are denied.

33. Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 33 of the Amended Complaint and, therefore, the same are denied.

34. Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 34 of the Amended Complaint and, therefore, the same are denied.

35. Denied.

36. It is admitted that Defendant HOA, by and through its counsel or Defendant BSB, conducted a foreclosure hearing and sale with due and proper notice as required by law to Debtor. It is further admitted that Defendant CCSD purchased the Property. Except as specifically

admitted herein, any and all remaining allegations contained in Paragraph 36 of the Amended Complaint are denied.

37. Admitted.

38. Admitted.

39. It is admitted that a foreclosure hearing occurred on February 27, 2023. It is specifically denied that, prior to such hearing, Debtor made or attempted to make all payments required or him or satisfied the debt owed by him to Defendant HOA. Except as specifically admitted herein, any and all remaining allegations contained in Paragraph 39 of the Amended Complaint are denied.

40. It is admitted that, on or about April 20, 2023, Defendant BSB conducted an auction of the Property as authorized by the Foreclosure Order and that, following said auction, Defendant CCSD submitted an upset bid in the amount of $2,359.23 and became the last and highest bidder on the Property. Except as specifically admitted herein, any and all remaining allegations contained in Paragraph 40 of the Amended Complaint are denied.

41. Admitted.

42. Admitted.

43. Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 43 of the Amended Complaint and, therefore, the same are denied.

44. Denied, upon information and belief.

45. Defendant BSB repeats and realleges each and every response contained in Paragraphs 1 through 44 of its Answer as if restated herein.

46.     Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 46 of the Amended Complaint and, therefore, the same are denied.

47.     Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 47 of the Amended Complaint and, therefore, the same are denied.

48.     Denied upon information and belief.

49.     Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 49 of the Amended Complaint and, therefore, the same are denied.

50.     Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 50 of the Amended Complaint and, therefore, the same are denied.

51.     Denied.

52.     Defendant BSB repeats and realleges each and every response contained in Paragraphs 1 through 51 of its Answer as if restated herein.

53.     Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 53 of the Amended Complaint and, therefore, the same are denied.

54.     Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 54 of the Amended Complaint and, therefore, the same are denied.

55.     Denied, upon information and belief.

56.     Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 56 of the Amended Complaint and, therefore, the same are denied.

57.     Denied, upon information and belief.

58.     Denied.

59.     Defendant BSB repeats and realleges each and every response contained in Paragraphs 1 through 58 of its Answer as if restated herein.

60.     Denied.

61.     Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 61 of the Amended Complaint and, therefore, the same are denied.

62.     Defendant BSB lacks sufficient information so as to form an opinion to the truth or falsity of the allegations set forth in Paragraph 62 of the Amended Complaint and, therefore, the same are denied.

63.     Denied.

## FIRST AFFIRMATIVE DEFENSE

Defendant BSB repeats and realleges each and every response contained in its Answer as if restated herein and further alleges that Plaintiffs' claims for relief are barred, in whole or in part, by the unclean hands of the Debtor.  In support of such assertion, Defendant BSB shows unto the Court, without limitation, that: (a) the Declaration of Covenants, Conditions and Restrictions of Forest Pond (the "Declarations") impacting the Property of Debtor (as referenced in the deed and plat set forth in the Answer above) are a matter of public record and can be found in Book 08425, Pages 0877-0899 of the Mecklenburg County Register of Deeds; (b) pursuant to said Declarations,

the Debtor has regularly been assessed and remitted payment for dues and other sums since he acquired ownership of the Property in or about 2011; (c) in addition to the underlying special proceeding or foreclosure action complained of in this Adversary Proceeding (i.e., 22-SP-0528), multiple claims of lien or other legal proceedings have been initiated against the Property while it was owned by Debtor as a result of his failure to timely pay sums due to Defendant HOA, including those proceedings brought before the Clerk of Mecklenburg County as 16-SP-4786 and 19-SP-2949; and (d) multiple communications, including letters, liens, notices and orders, were provided to the Debtor by Defendant HOA and Defendant BSB both prior to and throughout the underlying foreclosure action (i.e., 22-SP-0528), which communications, letters, liens, notices, and orders clearly showed that the payments made by the Debtor did not fully resolve the debt and that the foreclosure action remained ongoing.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Defendant BSB respectfully prays the Court for the following:

1. That it dismiss this action in full and that the Plaintiffs take nothing;

2. That the costs of this action be charged to the Plaintiffs;

3. That it grant Defendant BSB such other and further relief as it deems just and proper.

This the 11th day of October, 2023.

/s/ Emily J. Meister
North Carolina State Bar No. 28682
*Attorney for Defendant Black, Slaughter & Black,*
*P.A. d/b/a Law Firm Carolinas*
LAW FIRM CAROLINAS
3623 North Elm Street, Suite 200
Post Office Box 41027
Greensboro, North Carolina   27404-1027
Telephone: (336) 378-1899
Facsimile:  (336) 378-1850
E-mail:  emeister@lawfirmcarolinas.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **ANSWER OF BLACK, SLAUGHTER & BLACK, P.A. TO AMENDED COMPLAINT** was duly served upon all parties listed below in accordance with the provisions of Rule 5 of the Federal Rules of Bankruptcy Procedure through the electronic filing system and by depositing a copy in the United States Mail, first-class postage prepaid, addressed as follows:

Richard S. Wright, Esq.
Caleb Brown, Esq.
MOON WRIGHT & HOUSTON, PLLC
212 N. McDowell Street, Suite 200
Charlotte, North Carolina 28204
*Attorneys for Debtor*

Jenny P. Holman, Esq.
5970 Fairview Road, Suite 650
Charlotte, North Carolina 28210
*Chapter 13 Trustee*

Kenneth Love, Esq.
1509 Independence Pointe Parkway
Matthews, North Carolina  28105
*Attorney for Forest Pond Homeowners Association, Inc.*

Cameron D. Scott, Esq.
Pinyan Law PLLC
1320 Matthews Mint Hill Road
Charlotte, North Carolina  28105
*Attorney for CCSD Properties, LLC*

This the 11th day of October, 2023.

/s/ Emily J. Meister
LAW FIRM CAROLINAS
3623 North Elm Street, Suite 200
Post Office Box 41027
Greensboro, North Carolina  27404-1027
Telephone:  (336) 378-1899
Email:  emeister@lawfirmcarolinas.com