**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re:<br><br>LEVANDER L. WATSON, JR.<br><br>Debtor. | Chapter 13<br><br>Case No. 23-30536 |
| LEVANDER L. WATSON, JR., and JENNY P. HOLMAN, Chapter 13 Trustee for the bankruptcy estate of Levander L. Watson, Jr.,<br><br>Plaintiffs,<br><br>v.<br><br>FOREST POND HOMEOWNERS ASSOCIATION, INC., BLACK SLAUGHTER BLACK, P.A., AND CCSD PROPERTIES, LLC,<br><br>Defendants. | Adversary Proceeding 23-3028 |

**MOTION FOR PROTECTIVE ORDER RELATIVE TO
PLAINTIFF'S FIRST AND SECOND DISCOVERY REQUESTS
BY BLACK, SLAUGHTER & BLACK, P.A.**

Now comes Black Slaughter & Black, P.A. ("BSB"), a defendant in this adversary proceeding, through counsel, and brings this *Motion for Protective Order Relative to Plaintiff's First and Second Discovery Requests by Black, Slaughter & Black, P.A.* (this "Motion") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Rule 26") as made applicable by Rule 7026 of the Federal Rules of Bankruptcy Procedure, and in support, respectfully shows the Court as follows:

1

## BACKGROUND

1.      This adversary proceeding ("Adversary Proceeding") was initiated by a complaint filed on August 8, 2023, which complaint was amended on August 17, 2023 (the "Complaint") (Doc. No. 7).

2.      In the Complaint, the debtor (the "Debtor") alleged that Forest Pond Homeowners Association, Inc. (the "HOA"), BSB, which represented the HOA and later served as trustee in a foreclosure proceeding[1] brought with respect to the Debtor's property at 6308 Forest Pond Drive, Charlotte, NC (the "Property"), and the buyer of the Property out of foreclosure, CCSD Properties, LLC ("CCSD," and together with the HOA and BSB, the "Defendants"), were recipients of a constructively fraudulent transfer of an interest that the Debtor held in the Property.  Compl. at 1. Based on those allegations, the Debtor and his co-plaintiff, the Chapter 13 Trustee, alleged that judgment should be entered against the Defendants pursuant to 11 U.S.C. § 550.[2]  *Id*. at 8-9.

3.      In or about early October 2023, counsel for CCSD communicated a proposed settlement offer to the Parties, by and through their counsel, whereby CCSD would tender payment sufficient to satisfy the claims made or filed against the bankruptcy estate of the Debtor at the close of all claim periods.

4.      On November 10, 2023, counsel for the Debtor served the *Debtor's First Set of Interrogatories and Requests for Production of Documents* (the "First Request") on BSB.  Exhibit 1.  On January 19, 2024, BSB responded to the Debtor's discovery requests, which responses were supplemented on January 25, 2024, February 7, 2024, and February 16, 2024, respectively (the

---

[1]      *See* N.C. Gen. Stat. § 47F-3-116(f)(6) (authorizing a law firm that represents a homeowners' association to serve as the trustee in a foreclosure sale absent contest to the foreclosure proceeding).

[2]      The Amended Complaint is not specific as to which of the Defendants the Debtor maintains was an initial transferee or an immediate or mediate transferee.  Am. Compl. at ¶¶ 61-62.

"First Responses").

5.      Among the First Requests were requests that BSB produce documents reflecting communications between and among BSB, the HOA, and/or CCSD regarding the Debtor or the Property for the period of January 1, 2020 through the present, which requests for production were denoted as numbers 6, 7, 8, and 9 in the First Request (referenced herein together as (the "First RFPs"). The First RFPs included requests for communications between BSB's attorneys and the attorneys for CCSD and / or the HOA. In the First Responses, BSB provided non-privileged responsive documents of such communications occurring prior to the commencement of the Adversary Proceeding, but asserted the common interest privilege as to documents reflecting communications among or between BSB's attorneys and attorneys for the HOA and / or CCSD (together, the "Protected Documents"), all of which were subsequent to the filing of the Adversary Proceeding.

6.      On January 27, 2024, counsel for the Debtor served his *Second Set of Interrogatories and Requests for Production of Documents* on BSB (the "Second Requests"), attached here as Exhibit 2.

7.      Included in the Second Requests are three requests for production that probe for documents relative to foreclosures that did not involve the Debtor or the Property (referenced herein as "Second Request RFP 7," "Second Request RFP 8," and "Second Request RFP 9," and together with Second Request RFP 7 and Second Request RFP 8, the "Second RFPs"). Ex. 2 at 9.

8.      The Second RFPs asked for documents regarding properties held by certain "Foreclosure Homeowners," defined as "persons that are or were respondents in special proceeding actions in the State of North Carolina wherein (1) a homeowners' association seeks or sought to foreclose a lien for past due assessments, and (2) the Defendant serves or served as

3

trustee, counsel to the trustee and/or as counsel to the foreclosing homeowners' association in such action." *Id*. at 2.

9. Having defined the term "Foreclosure Homeowners," the Second RFPs seek the following:

- Second Request RFP 7: "All documents containing or memorializing communications from you to Foreclosure Homeowners regarding the acceptance of payment plans for the satisfaction of allegedly unpaid homeowners' association dues, assessments, and related fees or charges from January 1, 2020 to the present." Ex. 2 at 9.

- Second Request RFP 8: "All documents containing or memorializing communications from you to the Foreclosure Homeowners regarding the acceptance of one or more payment plans for the satisfaction of allegedly unpaid homeowners' association dues, assessments, and related fees or charges in that action involving the foreclosure of a lien on property located at 4729 Benthaven Lane, Charlotte, North Carolina 28269 as referenced in Exhibit B attached hereto (bates labeled BSB000563)." *Id*. at 9 and Ex. B.

- Second Request RFP 9: "All documents containing or memorializing communications from you to the Foreclosure Homeowners regarding the acceptance of one or more payment plans for the satisfaction of allegedly unpaid homeowners' association dues, assessments, and related fees or charges in that action involving the foreclosure of a lien on property located at 11536 Turn Stone Court, Charlotte, North Carolina 28226 as referenced in Exhibit C attached hereto (bates labeled BSB000564)." *Id*. at 9 and Ex. C.

10. On February 19, 2024, BSB sent Debtor's counsel BSB's responses to the Second Requests, raising objections to those requests. BSB's objections were based on: (a) the fact that the "Foreclosure Homeowners" are not involved in this litigation and, therefore, production would not lead to the discovery of admissible evidence; and (b) the undue burden created by the requested production.

11. On March 5, 2024, Debtor's counsel gave notice to BSB of certain alleged deficiencies in BSB's responses to the Second Request, including as to the Second RFPs. On March 7, 2024, BSB replied to the Debtor's alleged deficiencies in a letter to Debtor's counsel.

4

12.     On March 15, 2024, following a hearing on March 8, 2024, the Court entered an Order setting a hearing on any motion to compel and / or motions for protective orders for April 3, 2024.

13.     On March 21, 2024, BSB provided responses to the Second Request RFP 8 and Second Request RFP 9 to Debtor's counsel.

**PROPOSED PROTECTIVE ORDER**

14.     BSB requests a protective order forbidding discovery as to Second Request RFP 7. As set out in the Affidavit of Steven Black and BSB's *Memorandum of Law* filed contemporaneously with this Motion, BSB, during the periods encompassed by Second Request RFP 7, has utilized proprietary software(s) and platforms developed by it which do not have the capability of accurately or effectively searching for, filtering, identifying or gathering from its files and records potentially responsive.  Rather, each foreclosure file would have to be pulled and manually examined.  As such, the reasonably estimated cost of researching and producing documents responsive to the Second Request RFP 7 could exceed and take more than eighty-five (85) days to complete and would, thus, far outweigh the benefit—if any—to the Debtor.

15.     Indeed, by definition, the "Foreclosure Homeowners" are unrelated to the Debtor and their properties, located throughout a multitude of homeowners' associations throughout the state, have no connection with the Property.  Therefore, disclosure of any payment plans those individuals may have agreed to would not be useful to the Debtor in proving his claims based on an alleged avoidable transfer of his Property.  Moreover, BSB's search for any documents that meet the criteria of Second Request RFP 7 would be time consuming and costly to a prohibitive degree.  Accordingly, to the extent that BSB is required to provide documents responding to the Second Request RFP 7, the cost of doing so should be allocated to the Debtor.

16.     As for the First RFPs, BSB requests a protective order (a) forbidding discovery as to the communications it or its counsel has engaged in with counsel for its co-Defendants subsequent to the initiation of this Adversary Proceeding.

17.     In sum, for the reasons set out in this Motion and in BSB's *Memorandum of Law* in support of this Motion, BSB respectfully requests that the Court enter a protective order relative to production of documents pertaining to and involving certain "Foreclosure Homeowners" unrelated to the Debtor or the Property and limiting discovery of communications among and between counsel for the Defendants as set forth hereinabove.

## **CONSULTATION**

18.     Counsel for BSB certifies that she has consulted with counsel for the Debtor regarding this request for a protective order.

WHEREFORE, BSB prays that the Court will enter a Protective Order:

1)      Forbidding discovery as to the communications it or its counsel has engaged in with counsel for its co-Defendants subsequent to the initiation of this Adversary Proceeding;

2)      Forbidding discovery with respect the Second Request RFP 7, or in the alternative, allocating the expense associated with discovery as to the Second Request RFP 7 to the Debtor; and

3)      Providing such further relief as is just and proper.

This is the 26th day of March, 2024.

/s/ A. Cotten Wright
A. Cotten Wright (N.C. State Bar No. 28162)
Grier Wright Martinez, PA
521 E Morehead Street, Suite 440
Charlotte, North Carolina 28202
704.375.3720 Telephone
704.332.0215 Fax
cwright@grierlaw.com

*Attorneys for Black, Slaughter & Black, P.A.*

6