# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **LEVANDER L. WATSON, JR.,** | ) | Chapter 13 |
| | ) | |
| | ) | Case No. 23-30536 |
| Debtor. | ) | |
| | ) | |
| **LEVANDER L. WATSON, JR. and** | ) | |
| **JENNY P. HOLMAN, Chapter 13 Trustee for** | ) | |
| **the Bankruptcy Estate of Levander L. Watson,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 23-03028 |
| | ) | |
| **FOREST POND HOMEOWNERS** | ) | |
| **ASSOCIATION, INC., BLACK SLAUGHTER** | ) | |
| **& BLACK, P.A.; and CCSD** | ) | |
| **PROPERTIES, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS**

To:    **Black, Slaughter & Black, P.A.** by service upon its attorney of record:

Emily J. Meister, Esq.
3623 North Elm Street, Suite 200
Post Office Box 41027
Greensboro, North Carolina 27404-1027

Pursuant to Rules 7026, 7033, and 7034 of the Federal Rules of Bankruptcy Procedure and Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the Plaintiff serves Defendant, Black, Slaughter & Black, P.A., with the following: (i) First Set of Interrogatories (the "Interrogatories"), and (ii) Requests for Production of Documents (the "Document Requests," and together with the Interrogatories, the "Discovery Requests"). The Defendant is required to respond to the Discovery Requests and to serve its responses within thirty (30) days of service to Caleb Brown, Moon Wright & Houston, PLLC, 212 N. McDowell Street, Suite 200, Charlotte, North Carolina 28204.

MWH: 10802.001; 00029204.2

## INSTRUCTIONS AND DEFINITIONS RELATED TO DISCOVERY REQUESTS

A.       "Action" refers to the above-captioned adversary proceeding.

B.       "Answer" refers to the *Answer of Black, Slaughter & Black, P.A. to Amended Complaint* filed by Black, Slaughter & Black, P.A. in this adversary proceeding on October 11, 2023. [Doc. 24].

C.       "CCSD" refers to CCSD Properties LLC, and any agents, attorneys, employees, officers, directors, and/or other person(s) acting on its behalf.

D.       "Complaint" refers to the *Amended Complaint* filed in this Action on August 17, 2023, together with all exhibits thereto. [Doc. 7].

E.       "Defendant" refers to the Black, Slaughter & Black, P.A., and any agents, attorneys, employees, officers, directors, and/or other person(s) acting on its behalf.

F.       "Document" or "document" is used in the broadest sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical or electronic process or writing, or produced by hand, and shall include the original, all non-identical copies and all drafts of any and all agreements, communications, correspondence, memoranda, records, books, summaries of records of personal conversations or interviews, diaries, forecasts, statistical statements, accountants work papers, graphs, charts, accounts, analytical statements, reports and any other writings of whatever description, including but not limited to any information contained in any computer, although not yet printed out, and within your possession, custody or control or in the possession, control or custody of any agent or employee. **In addition to the foregoing, "document" specifically includes text, information or images stored in electronic form (*e.g.*, electronic mail) in their native format**. All requests for documents set forth below require you to produce documents sent and received by you.

G.       "HOA" refers to the Forest Pond Homeowners Association, Inc. and any agents, attorneys, employees, officers, directors, and/or other person(s) acting on its behalf.

H.       "Identify" when used in reference to an individual means give the full name, present residence and business address, and telephone numbers.

I.       "Identify" when used in reference to a document means state the name of the person who authored or originated the document, the date on which it was authored or originated, the location of the original of the document and all copies, and a brief summary of its contents.

J.       "Petition Date" refers to August 2, 2023, the date upon which the Plaintiff filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

K.       "Plaintiff" refers to Levander L. Watson, Jr.

L.      "Property" refers to that parcel of real property located at 6308 Forest Pond Drive in Charlotte, North Carolina.

M.      "You" or "your" refers to Defendant and/or any other person(s) acting on its behalf.

N.      If you claim that any document requested to be identified is no longer subject to your control, then set forth the contents of such document, the location of any copies of such document, disposition of such document, the date of the disposition of such document, the reason for such disposition, and the name of the person who ordered or authorized such disposition.

O.      If you cannot fully answer any interrogatory, then you should answer such interrogatory to the fullest extent possible and should indicate the reason for failing to answer fully. Further, you should provide all available information relating to the interrogatory and should indicate the person or persons who can more fully answer the interrogatory.

P.      The documents produced pursuant to the Document Requests should be separately produced as they are kept in the ordinary course of business or, in the alternative, shall be identified as complying with the particular paragraph or paragraphs of the Document Requests to which they are responsive.

Q.      Whenever a Document Request calls for production of a document you claim to be privileged, include (i) the date of the document; (ii) the name of the person originating or authoring the document; (iii) identify all persons who have seen the document; and (iv) a brief description of such document, the privilege asserted, the facts that support such claim of privilege and the basis asserted for such claim.

R.      The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of these Discovery Requests all responses that might otherwise be construed to be outside of their scope.

S.      Unless otherwise defined herein, each word or term shall have the meaning ascribed to it in The Oxford English Dictionary, Second Edition.

T.      **Unless a different time period is specified in a specific request, the Discovery Requests seek information from January 1, 2020, through the date of your response.**

## INTERROGATORIES

1.     Identify each person you expect to call as an expert witness at the trial of this Action and for each state:

    a.   The subject matter on which each expert is expected to testify;

    b.   The opinions to which each expert will testify;

    c.   The basis and reasons for each opinion to which each expert will testify;

    d.   The facts or data considered by each expert in forming each of his or her opinions; and

    e.   The compensation to be paid to each expert for his or her study and testimony in this case.

**RESPONSE:**

2.     State all material facts that you contend support your denials of the allegations contained in paragraphs 44, 48, and 55 of the Complaint that the challenged transfer of the Property was made while the Plaintiff was insolvent or that its transfer rendered the Plaintiff insolvent.

**RESPONSE:**

3.     State all material facts that you contend support your denial of paragraph 57 of the Complaint.

**RESPONSE:**

4.     State all material facts that you contend support your affirmative defense.

**RESPONSE:**

5.     Identify all persons with knowledge of the facts alleged in the Complaint and the answers filed in response thereto.

**RESPONSE:**

6.     Identify all members of the HOA's board of directors with whom you have had any communication regarding the Property and/or the Plaintiff.

**RESPONSE:**

7.     Identify all attorneys, members, employees, or agents of any entities engaged by the HOA to provide property management services.

**RESPONSE:**

8.      Identify all legal fees and costs included in the amounts you contend were owed by the Plaintiff to the HOA in connection with the alleged unpaid assessments and the subsequent foreclosure on the Property.  For each amount attributable to legal fees and costs, identify (a) the amount of the fee and/or cost; (b) the date the fee and/or cost was incurred; and (c) the reason for the fee and/or cost.

**RESPONSE:**

9.      State with specificity all payments or other transfers of property made by or on behalf of the Plaintiff to you from January 1, 2020, through the present.  For each such payment or transfer, state the date the payment or transfer was received, the amount of the payment or transfer, and the identity of the payor or transferor.

**RESPONSE:**

10.     State with specificity all terms of the payment plan that you contend the Plaintiff entered into as alleged in paragraphs 27-28 and 30-32 of your Answer.

**RESPONSE:**

11.     State the amount of money you contend the Plaintiff owed to the HOA on May 6, 2022.

**RESPONSE:**

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

1.      All documents supporting or evidencing your answer to Interrogatory number 2 above.

**RESPONSE:**

2.      All documents supporting or evidencing your answer to Interrogatory number 3 above.

**RESPONSE:**

3.      All documents supporting or evidencing your answer to Interrogatory number 4 above.

**RESPONSE:**

4.      All documents supporting or evidencing your answer to Interrogatory number 11 above.

**RESPONSE:**

5.     All documents supporting or evidencing your contention that the Plaintiff entered into a payment plan with or for the benefit of the HOA as alleged in paragraphs 27-28 and 30-32 of your Answer.

**RESPONSE:**

6.     All documents containing or memorializing communications between the Defendant and the HOA and/or any of its members, employees, or agents regarding the Property from May 12, 2021, through the present.

**RESPONSE:**

7.     All documents containing or memorializing communications between the Defendant and the HOA and/or any of its members, employees, or agents regarding the Plaintiff from May 12, 2021, through the present.

**RESPONSE:**

8.     All documents containing or memorializing communications between the Defendant and CCSD and/or any of its attorneys, members, employees, or agents regarding the Property from January 1, 2020, through the present.

**RESPONSE:**

9.      All documents containing or memorializing communications between the Defendant and CCSD and/or any of its attorneys, members, employees, or agents regarding the Plaintiff from January 1, 2020, through the present.

**RESPONSE:**

10.      All documents containing or memorializing communications between the Defendant and any employee or agent of the office of the Mecklenburg County Clerk of Superior Court regarding the foreclosure action bearing case number 22 SP 0528.

**RESPONSE:**

11.      All documents containing or memorializing communications between the Defendant and any employee or agent of the office of the Mecklenburg County Clerk of Superior Court regarding the Property from January 1, 2020, through the present.

**RESPONSE:**

12.      All documents containing or memorializing communications between the Defendant and any employee or agent of the office of the Mecklenburg County Clerk of Superior Court regarding the Plaintiff from January 1, 2020, through the present.

**RESPONSE:**

13.    All documents containing or memorializing communications between the Defendant and any other person or entity regarding the Property from January 1, 2020, through the present.

**RESPONSE:**

14.    All documents containing or memorializing communications between the Defendant and any other person or entity regarding the Plaintiff from January 1, 2020, through the present.

**RESPONSE:**

15.    A complete written accounting of all funds paid to the Defendant by the Plaintiff and/or on the Plaintiff's behalf.

**RESPONSE:**

16.    A complete written accounting of all money you contend was owed by the Plaintiff to the HOA on May 6, 2022.

**RESPONSE:**

17.    A complete written accounting of all legal fees and costs included in the amounts you contend were owed by the Plaintiff to the HOA.

**RESPONSE:**

18.    All invoices and/or other requests for payment sent from the Defendant to the HOA for services relating to the Property and/or the Plaintiff.

**RESPONSE:**

19.    A complete written accounting of all amounts received and disbursed from the sale of the Property by foreclosure.

**RESPONSE:**

20.    All invoices and/or other requests for payment sent from the Defendant to CCDS from January 1, 2020, through the present.

**RESPONSE:**

21.    All documents you receive in response to each subpoena(s) you serve in the Action.

**RESPONSE:**

22.    All affidavits or witness statements related to the transactions identified in the Complaint and/or the facts that you contend give rise to defenses to the relief sought in the Complaint.

**RESPONSE:**

23.    All documents provided by you and/or your agents (including your attorneys) to your testifying expert(s) that contain facts or data that your expert relied on in forming the opinion(s) to be expressed at the trial in this Action.

**RESPONSE:**

24.    All documents produced by you and/or your agents (including your attorneys) to your testifying expert(s) that contain assumptions the expert relied on in forming the opinion(s) to be expressed at the trial in this Action.

**RESPONSE:**

25. All documents your testifying expert(s) considered in forming the opinion(s) to be expressed at the trial in this Action.

**RESPONSE:**

26. All reports prepared by your testifying expert(s) regarding their opinion(s) to be expressed at the trial in this Action.

**RESPONSE:**

27. All exhibits that your testifying expert(s) will use to summarize or support their opinion(s) when testifying at the trial in this Action.

**RESPONSE:**

**REMINDER: "document" as used in this Request for Production of Documents refers to text or images stored in electronic form as well as conventional written documents.**

This 10th day of November 2023.

**MOON WRIGHT & HOUSTON, PLLC**

Richard S. Wright (NC Bar No. 24622)
rwright@mwhattorneys.com
Caleb Brown (NC Bar No. 41131)
cbrown@mwhattorneys.com
212 N. McDowell Street, Suite 200
Charlotte, North Carolina 28204
Telephone:    (704) 944-6560
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that copies of the *First Set of Interrogatories and Requests for Production of Documents* has this date been served upon the persons named below by electronic mail and first-class mail:

Emily J. Meister, Esq.
LAW FIRM CAROLINAS
3623 North Elm Street, Suite 200
Post Office Box 41027
Greensboro, North Carolina 27404-1027
emeister@lawfirmcarolinas.com

Dated:  Charlotte, North Carolina
       November 10, 2023

**MOON WRIGHT & HOUSTON, PLLC**

Richard S. Wright (NC Bar No. 24622)
rwright@mwhattorneys.com
Caleb Brown (NC Bar No. 41131)
cbrown@mwhattorneys.com
212 N. McDowell Steet, Suite 200
Charlotte, North Carolina 28204
Telephone:    (704) 944-6560
*Attorney for Plaintiff*

MWH: 10802.001; 00029204.2        14