# EXHIBIT A



**MOON WRIGHT & HOUSTON**



212 North McDowell Street
Suite 200
Charlotte, NC 28204
main 704.944.6560
fax 704.944.0380
www.mwhattorneys.com

January 31, 2024

Emily J. Meister
Christopher Barnes
Black, Slaughter & Black, P.A.
3623 North Elm Street, Suite 200
P.O. Box 41027
Greensboro, NC 27404-1027
emeister@lawfirmcarolinas.com
cbarnes@lawfirmcarolinas.com

*Via U.S. Mail and Email*

> **Re:** ***Watson et al. v. Forest Pond Homeowners Association, Inc. et al.***
> **(WDNC Adv. Proc. No. 23-03028)**
> **Initial Discovery Response Deficiencies**

Dear Counsel:

You will recall that our firm represents debtor-plaintiff Levander L. Watson, Jr. (the "Debtor") in the above-referenced adversary proceeding. We are in receipt of the responses to the Debtor's first set of interrogatories and requests for production from your client, Black, Slaughter & Black, P.A. ("BSB"). This letter is written pursuant to Bankruptcy Rules 9014 and 7037 in a good faith attempt to obtain full and complete discovery responses without court action. The deficiencies in BSB's discovery responses are detailed below.

*Interrogatory No. 5*

The Debtor's Interrogatory 5 asks BSB to identify all persons with knowledge of the facts alleged in the pleadings in this case. "Identify" is defined in the Debtor's requests, such that the responding party must provide names and specific contact information for the people listed. BSB's response does not specifically identify anyone; rather, it generically refers to anyone whose name is mentioned in 421 pages of documents. This response is vague, evasive, and unresponsive. BSB should revise its answer to provide the specific and detailed information requested in the interrogatory. I note this is the same information required by Federal Rule 26(a)(1)(A)(i) in a party's initial disclosures, which your client similarly failed to provide.

MWH: 10802.001; 00029520.1

1

*Assertion of Boiler Plate Objections*

In response to Interrogatories 7-9 and Requests for Production 10-18, BSB asserts an identical litany of unspecific, generic objections. In each instance, the response repeats that BSB objects "to the extent" the question seeks information "not reasonably calculated to lead to the discovery of admissible evidence," "is unreasonable and oppressive," and will subject BSB to "undue burden, expense and harassment."

Similarly, in its supplemental response to Request for Production 20, BSB objects on the grounds that the Debtor's straightforward request for invoices from BSB to defendant CCSD Properties, LLC during a certain date range is "vague, overly broad, and not reasonably tailored to lead to the discovery of admissible evidence."

It is impermissible under Federal Rules 33 and 34 to employ such stock, boilerplate objections to discovery:

> General objections such as the ones asserted by [Defendant] are meaningless and constitute a waste of time for opposing counsel and the court. In the face of such objections, it is impossible to know whether information has been withheld and, if so, why. This is particularly true in cases like this where multiple 'general objections' are incorporated into many of the responses with no attempt to show the application of each objection to the particular request.

*Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) (quoting *Weems v. Hodnett*, 2011 U.S. Dist. LEXIS 80746 (W.D. La. July 25, 2011)). The *Heller* court added that "[s]o-called boilerplate or unsupported objections – even when asserted in response to a specific discovery request and not as part of a general list of generic objections preceding any responses to specific discovery requests – are likewise improper ...." *Id.*

> Accordingly, to meet the specificity required by Rules 33 and 34, an objecting party must do more than rattle off a litany of trite phrases or make an objection "subject to" other trite phrases located elsewhere in the discovery response. Instead, the objecting party must explain how each objection applies to each specific discovery request. And as to document requests, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Thus, the objector must state whether responsive materials were withheld and link each specific objection to what was withheld. Otherwise, the objection fails to comply with Rules 33 and 34 and is therefore waived.

*Smash Tech., LLC v. Smash Solutions, LLC*, 335 F.R.D. 438, 447 (D. Utah 2020). *See also Atkins v. AT&T Mobility Servs., LLC*, 2019 U.S. Dist. LEXIS 227963, *21-21 (S.D. W.Va. April 25, 2019) (similarly finding that improper boilerplate objections to discovery constitute waiver); *Anderson v. Caldwell County Sheriff's Office*, 2011 U.S. Dist. LEXIS 62263, *8-9 (W.D.N.C. June 10, 2011) (same).

MWH: 10802.001; 00029520.1                                        2

As noted in these authorities, the vague, boilerplate objections interposed by BSB lack the required specificity and do not disclose whether, much less why, responsive information is being withheld. Any objections to the pertinent requests are waived as a result. We therefore request that BSB revise its answers to Interrogatories 7-9 and Requests for Production 10-18 and 20, providing full and complete written answers and all responsive materials.

*Objections Based on Attorney-Client Privilege or Work Product Immunity*

Interrogatory 6 seeks the identity of any board members of the Forest Pond Homeowners Association (the "HOA") with whom BSB communicated regarding the Debtor or the property at issue in this adversary proceeding. Requests for Production 6-14 and 17-18 seek communications between BSB and other persons or entities specifically regarding the Debtor or the disputed property during a discrete date range. The counterparties to the requested communications include the HOA, defendant CCSD Properties, LLC, and employees of the Mecklenburg County Clerk of Superior Court. Requests for Production 17-18 seek an accounting of fees and costs allegedly owed to the HOA by the Debtor, and invoices sent by BSB to the HOA for services related to the Debtor and/or the disputed property.

BSB objects to all of these requests on the grounds of attorney-client privilege and work product immunity.

As an initial matter, there is no privilege or immunity that protects the *identities* of the HOA board members with whom BSB communicated regarding the Debtor or the disputed property. Likewise, communications between BSB and any third party that is not its client are not shielded from disclosure. BSB is less than clear as to whether it represented the HOA or CCSD Properties, LLC while simultaneously serving as trustee in the disputed foreclosure proceeding against my client, but it is beyond debate that BSB did not represent the Clerk of Superior Court. To put it simply, BSB must certainly produce the requested communications with respect to those parties with whom it had no attorney-client relationship.

Further, there can be no privilege or immunity applicable to communications by or with BSB related to the very lien foreclosure in which it served as trustee. *See, e.g., Anderson v. Brokers, Inc. (In re Brokers, Inc.)*, 2006 Bankr. LEXIS 5033, *7 (Bankr. M.D.N.C. March 27, 2006). Requests for Production 6-7 are temporally limited to the period of BSB's appointment as trustee forward. Other requests incorporate slightly longer timeframes, but also cover the dates of BSB's appointment as well. BSB has no legitimate basis to object to the production of communications regarding the subject matter of the foreclosure proceeding (*i.e.*, the Debtor and/or his property) beginning on the date of its appointment as foreclosure trustee. The communications during that period therefore must be produced.

Finally, Federal Rule 26(b)(5) states that a party withholding information on the basis of an asserted privilege or immunity must expressly make the claim *and* describe the documents, communications, or things withheld in a manner that will enable the other party to assess the claim. Fed. R. Civ. P. 26(b)(5) (incorporated in Bankruptcy Rule 7026). The party must thus provide a privilege log. "A party simply cannot claim privilege and refuse to provide a privilege log; indeed, some courts have found that doing so results in waiver of the privilege." *Anderson*

*v. Caldwell County Sheriff's Office*, 2011 U.S. Dist. LEXIS 62263, *5 (W.D.N.C. June 10, 2011) (citing authorities).

Given the foregoing authorities, we request that BSB revisit its responses to Interrogatory 6, Requests for Production 6-14, and Requests for Production 17-18 and produce the full universe of responsive materials. Alternatively, if BSB intends to stand on its claim(s) of privilege, please provide a full and complete privilege log in compliance with Rule 26(b)(5) so that we may assess your client's assertions.

### *Lack of Recorded Communications*

We noted that no voice recordings were included in the documents that BSB produced in response to the Debtor's first discovery requests. It is our understanding that telephone communications between homeowner associations' management companies and/or attorneys, and homeowners within those associations themselves, are typically recorded. With this in mind, the Debtor's discovery requests state that the word "documents" includes communications, "whether printed or *recorded* or reproduced *by any other mechanical or electronic process ...*" Consistent with this definition, please review BSB's discovery response to ensure that it includes any applicable voice recordings and supplement the production as necessary, or confirm that no such voice recordings exist. If BSB objects to producing any responsive voice recordings, please provide the full and complete basis for this objection as well.

### *Lack of Verification*

As I'm sure you're aware, Federal Rule 33 also requires that interrogatories be answered in writing and under oath. Fed. R. Civ. P. 33(b)(3) (incorporated in Bankruptcy Rule 7033). BSB's answers contain no such verification or oath. Please correct this omission.

------------------------------------------

Kindly address the deficiencies in BSB's discovery responses as detailed above within seven (7) days of the date of this letter. I am happy to discuss any points or requests that are unclear. However, if BSB refuses to timely supplement its inadequate responses, the Debtor intends to file a motion to compel and seek an award of fees for having to do so. Thank you in advance for your attention to this important matter.

Sincerely yours,

Richard S. Wright