# EXHIBIT B



**LAW FIRM
CAROLINAS**
lawfirmcarolinas.com

February 7, 2024

**VIA ELECTRONIC MAIL &**
**U.S. FIRST CLASS MAIL**
Richard S. Wright, Esq.
Moon Wright & Houston
212 North McDowell Street
Suite 200
Charlotte, NC 28204
rwright@mwhattorneys.com

Re:   *Watson et al. v. Forest Pond Homeowners Association, Inc. et al.*

Dear Richard,

This letter is in response to your Initial Discovery Response Deficiency Letter sent to us via email on January 31, 2024 at 8:16 PM, which letter was both surprising and disappointing given the clear, orderly and comprehensive documentation provided. While we disagree almost entirely with your characterization of applicable case law and the responses produced, we send this letter, in good faith, to clarify any misunderstandings you may have regarding the information previously provided to you and to expound upon our prior responses. With such in mind:

*Interrogatories*

Our response to Interrogatory No. 5 was a good faith attempt to provide all of the information to you, as well as where to locate it within the accompanied Bates-Stamped document production. It was done this way for the express purpose of highlighting the identity of those persons who may have some degree of knowledge (without missing any persons who may be contemplated by the Interrogatory) and to place, in context, the extent of such persons' knowledge, participation or involvement. If you need or wish for us to list out those persons identified in the documentation provided to you weeks ago, then we invite your attention to the enclosed supplement, which does so.

With regard to Interrogatory No. 6, we will not withdraw our objection based upon attorney client privilege. Nevertheless, our office does not recall, nor do our records reflect, communications with any individual HOA board member other than or beyond that of Ms. Hemphill as reflected in BSB00048.

| CHARLOTTE | COLUMBIA | GREENSBORO | GREENVILLE | RALEIGH | WILMINGTON |
|---|---|---|---|---|---|
| 1927 S Tryon Street | 3710 Landmark Drive | 3623 N Elm Street | 619 Halton Road | 3000 Highwoods Blvd | 219 Racine Drive |
| Suite 100 | Suite 109 | Suite 200 | Suite B | Suite 135 | Unit B |
| Charlotte, NC 28203 | Columbia, SC 29204 | Greensboro, NC 27455 | Greenville, SC 29607 | Raleigh, NC 27604 | Wilmington, NC 28403 |
| P: 704.970.1593 | P: 803.650.7205 | P: 336.378.1899 | P: 864.438.5121 | P: 919.803.7524 | P: 910.399.2237 |

Richard S. Wright, Esq.
February 7, 2024
Page 2 of 3

In looking at Interrogatory No. 7, you have asked us to identify *all attorneys, members, employees, or agents of any entities* engaged by a third party (i.e., the HOA) for an unlimited and unspecified period of time. Our knowledge of such persons or entities would almost entirely be derived from privileged communications. Nevertheless, the documentation provided identifies two management companies engaged by the HOA at the time or times pertinent to the claims asserted by your client. (Given that you have recently issued subpoenas to these companies, it is clear that you have knowledge of their identities.) In addition, we believe it is unreasonable and oppressive to ask our firm to identify all other persons or entities that a third party may have retained; even if in the event we could do so, it is unreasonable to believe that having all of these names is relevant to your claims in this adversary proceeding or would lead to the discovery of admissible evidence. Lastly, we specifically objected on the grounds that this information would be best obtained by or from another party. While you may not like that the objection uses words that are common parlance within our profession, the objection is specific to the Interrogatory, and we have no other information to produce under this Interrogatory. We, therefore, will not be withdrawing the objection to this Interrogatory and instead reply upon and reiterate the information previously provided.

Regarding our responses to Interrogatory Nos. 8 and 9, the information was provided to you, despite our well-founded objections, via the specific Bates-Stamped documents referenced in the responses. We can attest that we are not withholding information responsive to these Interrogatories, and we have no other information to produce under these Interrogatories.

*Requests for Production of Documents*

With regard to Request for Production Nos. 6 and 7, we confirmed, in connection with our initial responses and production and again today, that the HOA does not waive or intend to waive its attorney-client privilege. Thus, in light of our ethical obligations to maintain the confidentiality of our client, we have withheld or redacted documents containing privileged documentation as reflected in the enclosed privilege log.

With regard to Request for Production Nos. 8 and 9, we previously produced any and all documents containing or memorializing communications our office had with CCSD or anyone acting on its behalf regarding the Plaintiff or the Property pursuant to your Requests with the exception of those documents protected by the work-product doctrine as reflected in the enclosed privilege log. You will note that the documents withheld, based upon this objection, fall into two categories – purely internal communications regarding where to direct a CCSD communication (which CCSD communication was produced as BSB00071-00074) and those communications amongst counsel in connection with this pending adversary proceeding. We believe our objection to be well founded under existing case law and, thus, will not withdraw it.

With regard to Request for Production Nos. 10-13, we again will not waive our stated objections, as the Requests were drafted so broadly that they could have included for production information protected by the work product doctrine and attorney-client privilege. Nevertheless,

Richard S. Wright, Esq.
February 7, 2024
Page 3 of 3

we have produced all documentation that we have been able to locate responsive to this request and have not withheld any such documentation.

With regard to Request for Production Nos. 15, 16, 17 and 18, to the extent that you are asking for an "accounting" or a record not maintained by our office, your Requests are overly burdensome and oppressive.  Furthermore, the creation or production of documentation not maintained in the underlying Foreclosure Action and beyond that already provided to you would be expensive and unlikely to lead to the discovery of admissible evidence.  As such, we will not withdraw our objections.  We have, however, previously provided to you those records or spreadsheets maintained in the underlying Foreclosure Action of the moneys owed by Plaintiff, the legal fees and costs charged or included, those funds paid by Plaintiff and the disbursement of all funds paid by Plaintiff.  We have further previously provided you with correspondence reflecting such.  Hence, we believe we have fully complied with our obligations and have nothing further to produce.

With regard to Request for Production No. 20, there were no "invoices or requests for payment" sent to "CCDS."  And while we do not believe that any other "invoices or requests for payment" sent to CCSD unrelated to the Property or Plaintiff is pertinent to this litigation, we nevertheless previously and voluntarily supplemented our production to include two other requests for payment for unrelated properties despite our well founded objections. (We further believe that this conduct shows our good faith attempt to fulfill any discovery obligation.)

### Other Concerns Raised

Our office has no recordings of Mr. Watson and cannot produce what it doesn't have.

Enclosed please find the Verification for the initial and supplemental responses.

\*\*\*\*\*\*\*\*\*\*\*

In conclusion, we have, at all times, worked diligently and in good faith to provide you information sought and believe we have provided such information to you in accordance with the existing case law, the Federal Rules of Civil Procedure and applicable Bankruptcy Rules.  If you have questions about what you have been provided, we are happy to discuss your questions.

Sincerely,

Emily J. Meister

EJM/aol
Enclosures

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 13 |
| LEVANDER L. WATSON, JR., | ) | |
| | ) | Case No. 23-30536 |
| Debtor. | ) | |
| | ) | |
| LEVANDER L. WATSON, JR. and | ) | |
| JENNY P. HOLMAN, Chapter 13 Trustee | ) | |
| For the Bankruptcy Estate of Levander L. | ) | |
| Watson, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 23-03028 |
| FOREST POND HOMEOWNERS | ) | |
| ASSOCIATION, INC., | ) | |
| BLACK, SLAUGHTER & BLACK, P.A., | ) | |
| And CCSD PROPERTIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

SUPPLEMENTAL OBJECTIONS AND RESPONSES OF BLACK,
SLAUGHTER & BLACK, P.A. TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Black, Slaughter and Black, P.A., by and through its undersigned counsel and pursuant Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, hereby supplements its objections and responses to the Request for Production of Documents of Plaintiff Levander L. Watson, Jr. as follows:

INTERROGATORIES

5.    Identify all persons with knowledge of the facts alleged in the Complaint and the answers filed in response thereto.

RESPONSE:  Without limitation, see those persons identified in the documents produced herewith, including, but not limited to BSB0001-00066, 00067-00068, 00071-00108, 00111-00232, 00247-00355 and 00356-00444.

As reflected in such documents, the following individuals may have some knowledge regarding allegations contained in the Complaint and answers:

- Levander L. Watson, Jr.
  673 Community Road, Chesterfield, SC 29709
  6308 Forest Pond Drive, Charlotte, NC 28262 (alternate address)

- Members of the Clerk of Court in Mecklenburg County, NC, including the Assistant Clerk of Superior Court in Mecklenburg County, NC and Nancy L. Roberts, Judicial Hearing Officer.

- Forest Pond HOA, Board of Directors, including Roberta Hemphill.

- CCSD Properties, LLC, including, but not limited to: Suresh Devireddy, Mukesh Guntaka, Jeff Davis, and Ivan Dudley.

- Paladin Law including but not limited to: M. Brien Bowlin, Jr., Esq. and Angela Berland
  8015 W. Kenton Circle #110, Huntersville, NC 28078

- Black, Slaughter & Black, PA d/b/a Law Firm Carolinas, including, but not limited to:
  Jonathon L. Woodruff, Esq.
  Lauren Heavner
  David C. Wilson, Esq.
  Andrew S. Hatch, Esq. (former employee)
  Olivia Champagne
  Michael C. Taliercio, Esq. (former employee)
  Jonathan S. Raymer, Esq.
  Steven E. Black, Esq.
  Erika Forest
  Areesah Lassiter
  Caitlin Gangi (former employee)
  Tracy Armstrong (former employee)
  Yari Matos (former employee)
  Adrian Smith
  Britney M. Millisor, Esq. (former employee)

- The Charlotte Observer, including, but not limited to: Tara Pennington and Stephanie Hatcher.
  550 S. Caldwell Street, Charlotte, NC 28202

- Community Association Management - including but not limited to: Derek Greene and Patrice Hopkins.
  PO Box 79032, Charlotte, NC 28271

- Mecklenburg County Sheriff's Office- Civil Process Division, including, but not limited to: Jennifer Nelson, S. Mann and Annabell Saenz.
  700 E. 4th Street, Charlotte, NC 28202

- Red Rock Management
  111 W Lewis Street, Suite 104, Greensboro, NC 27406

- Lynn Cauten (Co-worker or friend of Levander Watson)
  contact information unknown

## REQUEST FOR PRODUCTION OF DOCUMENTS

6. All documents containing or memorializing communications between the Defendant and the HOA and/or any of its members, employees, or agents regarding the Property from May 12, 2021, through the present.

RESPONSE: Black, Slaughter & Black, P.A. objects to this request to the extent that it calls for the production of communications or information protected by attorney-client privilege or the work product doctrine. In support of such objections, see the Privilege Log produced herewith.

7. All documents containing or memorializing communications between the Defendant and the HOA and/or any of its members, employees, or agents regarding the Plaintiff from May 12, 2021, through the present.

RESPONSE: Black, Slaughter & Black, P.A. objects to this request to the extent that it calls for the production of communications or information protected by attorney-client privilege or the work product doctrine. In support of such objections, see the Privilege Log produced herewith. In addition and without waiving such objection, see the Resolution relating to foreclosure for unpaid Assessments signed by board member Roberta Hemphill on May 12, 2021 (BSB00048), which resolution was filed in the 2022 Foreclosure Action and was previously produced.

8. All documents containing or memorializing communications between the Defendant and CCSD and/or any of its attorneys, members, employees, or agents regarding the Property from January 1, 2020, through the present.

RESPONSE: Black, Slaughter & Black, P.A. objects to this request to the extent that it calls for the production of communications or information protected by attorney-client privilege or the work product doctrine. In support of such objections, see the Privilege Log produced herewith. In addition and without waiving such objection, see the documents produced previously including, but not limited to BSB00067-00068, 00071-00108 and 00562.

9. All documents containing or memorializing communications between the Defendant and CCSD and/or any of its attorneys, members, employees, or agents regarding the Plaintiff from January 1, 2020, through the present.

RESPONSE: Black, Slaughter & Black, P.A. objects to this request to the extent that it calls for the production of communications or information protected by attorney-client privilege or the work product doctrine. In support of such objections, see the Privilege Log produced herewith. In addition and without waiving such objection, see the documents previously produced including, but not limited to BSB00067-00068, 00071-00108 and 00562.

13. All documents containing or memorializing communications between the Defendant and any other person or entity regarding the Property from January 1, 2020, through the present.

RESPONSE: Black, Slaughter & Black, P.A. objects to this request to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, is unreasonable and oppressive, and will subject it to undue burden, expense and harassment. Black, Slaughter & Black, P.A. further objects to this request to the extent that it calls for the production of communications or information protected by attorney-client privilege or the work product doctrine. In support of such objections, see the Privilege Log produced herewith. In addition and without waiving such objections and in addition to those communications previously identified, see BSB00069 previously produced.

This the 7th day of February, 2024.

/s/ Emily J. Meister
North Carolina State Bar No. 28682
/s/ Christopher Barnes
North Carolina State Bar No.47562
*Attorneys for Defendant Black, Slaughter & Black,*
*P.A. d/b/a Law Firm Carolinas*
LAW FIRM CAROLINAS
3623 North Elm Street, Suite 200
Post Office Box 41027
Greensboro, North Carolina 27404-1027
Telephone: (336) 378-1899
Facsimile: (336) 378-1850
E-mail: emeister@lawfirmcarolinas.com
cbarnes@lawfirmcarolinas.com

4

STATE OF NORTH CAROLINA

**VERIFICATION**

MECKLENBURG COUNTY

STEVEN E. BLACK, on behalf of Black, Slaughter & Black, P.A. and being first duly sworn, deposes and says that he has read the **OBJECTIONS AND RESPONSES OF BLACK, SLAUGHTER & BLACK, P.A. TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL OBJECTIONS AND RESPONSES OF BLACK, SLAUGHTER & BLACK, P.A. TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES OF BLACK, SLAUGHTER & BLACK, P.A. TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** and knows the contents thereof, and that the same are true of his own knowledge, except those matters and things stated therein on information and belief, and as to those matters and things he believes them to be true.

This the ___7___ day of February, 2024.

_____
STEVEN E. BLACK
On behalf of Black, Slaughter & Black, P.A.

Sworn to and subscribed before me,

this the __7th__ day of February, 2024.

_____
Notary Public

My Commission Expires: __10-04-2027__

DENNIS BULLMAN
NOTARY PUBLIC
MECKLENBURG COUNTY, NC
My Commission Expires Oct. 4, 2027

PRIVILEGE LOG – February 7, 2024

PREPARED BY:  EMILY J. MEISTER, ESQ, ATTORNEY FOR BLACK, SLAUGHTER & BLACK, P.A. d/b/a LAW FIRM CAROLINAS

| Date | BATES No. | Tot. Pgs. | Author(s) | Addressee/ Recipient | Description | Assertion |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2/19/2019 | | 1 | Helen Von Schmeling | Lauren Heavner | Email communications | Communications contain information regarding new account for collections- attorney client privileged. |
| 2/19/2019 | | 2 | Olivia Champagne | LFC Firm | Email communications | Communications to the firm containing third party account information for the purpose of a conflict check. |
| 4/9/2021 | | 1 | Helen von Schmeling | Lauren Heavner | Email communications | Communications with information regarding a third-party account that is not relevant or pertinent to this matter. |
| 5/9/2019 | | 1 | Helen Von Schmeling | Lauren Heavner | Email communications | Communications between staff and client containing attorney client |

| | | | | | | privileged information regarding new account for collections. |
|---|---|---|---|---|---|---|
| 2/17/2021 | | 2 | Lauren Heavner | Olivia Champagne | Email communications | Communications within the office regarding new collection accounts from client. |
| 2/19/2021 | | 2 | Olivia Champagne | Lauren Heavner | Email communications | Communications within the office regarding activity on accounts, including third-party accounts, for billing purposes. |
| 4/9/2021 | | 1 | Helen Von Schmeling | Lauren Heavner | Email communications | Communications with client regarding status of liens on accounts including a third-party account which is not relevant to this matter. |
| 4/15/2021 | | 2 | Lauren Heavner | Helen Von Schmeling | Email communications | Communications with client regarding filed liens including information on a third-party |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | account which is not relevant to this matter. |
| 6/1/2021 | | 1 | Helen Von Schmeling | Lauren Heavner | Email communications | Communications with client regarding collections foreclosure action. Attorney client privilege. |
| 2/3/2022 | | 2 | Olivia Champagne | Lauren Heavner | Email communications | Communications within the office regarding activity on accounts and demand letter issuance, including third-party accounts, for billing purposes. |
| 5/9/2022 | BSB000236-BSB000237 | 2 | American National Treasury Management | CAM and Lauren Heavner | Payment detail/summary | Redacted confidential banking information including account numbers. Also redacted information regarding third-party accountings which are not relevant to this matter and |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | attorney-client privileged. |
| 5/9/2022 | | 3 | Ren Rosewood | Ian Roberts | Email communication | Communications within the office regarding hearing accounts, including Plaintiff and third-party accounts which are not relevant to this matter. |
| 6/20/2022 | BSB000234 | 1 | American National Treasury Management | CAM and Lauren Heavner | Payment detail/summary | Redacted confidential banking information including account numbers and redacted information regarding payments on third-party accounts which are not relevant to this matter and attorney-client privileged. |
| 5/2/2023 | BSB000067-BSB000068 | 2 | Suresh Devireddy with CCSD Properties | Jonathon Woodruff and Mukesh Guntaka | Email communication | Redacted communications within our office containing information regarding to |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | whom the communication should be directed. |
| 5/4/2023 | | 3 | Jazzmyn Williams | Lauren Heavner | Email communications | Communications regarding document retrieval request from the Mecklenburg Co. Courthouse. |
| 5/22/2023 | | 6 | Michelle Lantz | Lauren Heavner and Ashley Parrish | Email communications | Communications within the office regarding wired funds to client. |
| 5/24/2023 | | 7 | Michelle Lantz | Lauren Heavner | Email communications | Communications within the office regarding wired funds to client. |
| 6/14/2023 | | 4 | Lindsey Thomas | Adrian Smith | Email communications | Communications with client regarding communication from Plaintiff. |
| 7/7/2023 | BSB000071-BSB000072 | 2 | Jeff Davis | Michael Johnson, Ivan Dudley and Jeff Davis | Email communications | Redacted communications within the office regarding to whom the communication should be directed. |

| 7/10/2023 | BSB000069-BSB000070 | 2 | Dennis Bullman | Ren Rosewood, Olivia Champagne and Lauren Heavner | Email communications | Redacted communications within the office regarding to whom the communication should be directed. |
|---|---|---|---|---|---|---|
| 7/10/2023 | | 2 | Areesah Lassiter | Lauren Heavner | Email communications | Communications within the office regarding to whom the communication should be directed. |
| 7/10/2023 | | 4 | Steven Black | Areesah Lassiter | Email communications | Communications within the office regarding obtaining a payoff amount. |
| 7/10/2023 | | 2 | Steven Black | Michael Johnson | Email communications | Communications within the office regarding to whom the communication should be directed. |
| 7/11/2023 | BSB000073-BSB000074 | 2 | Jeff Davis | Jonathan Raymer, Mukesh Guntaka, Suresh Devireddy and Ivan Dudley | Email communications | Redacted communications within the office regarding to whom the communication |

| | | | | | | should be directed. |
|---|---|---|---|---|---|---|
| 7/11/2023 | BSB000079-BSB000080 | 2 | Jonathan Raymer | Jonathon Woodruff, T. Keith Black and Joe Thompson | Email communications | Redacted communications within the office regarding to whom the communication should be directed. |
| 7/11/2023 | | 2 | Lindsey Thomas | Lauren Heavner | Email communications | Communications containing attorney client privileged information regarding homeowner transaction history. |
| 7/12/2023 | | 1 | Lauren Heavner | Jonathan Raymer | Email communications | Communications within the office regarding to whom the communication should be directed. |
| 9/8/2023 | | 1 | Steven Black | Meg Thompson | Email Communications | Attorney-client communications regarding the Amended Complaint from Federal Court. |

| 10/2/2023 | BSB000512-BSB000513 | 2 | Lexis Nexis | Amanda Laster and Emily Meister | Public Records report | Redacted debtor's social security number. |
| 1/8/2024 | BSB000356-BSB000358 | 3 | LFC Internal System Derived | LFC HOA Department | Hearing Report | Redacted account information included on the report which was outside of the dates which were responsive to request. Hearing report is also work product. |

| Date | Tot. Pgs. | Author(s) | Addressee/ Recipient | Description | Assertion |
|---|---|---|---|---|---|
| 10/3/2023 | 1 | Christopher C. Barnes Emily J. Meister | Emily J. Meister Amanda Laster Cameron D. Scott | Email communications | Communications regarding continuance of bankruptcy hearing to 10/17 at 11:15 am. |
| 10/2/2019- 10/3/2019 | 3 | Cameron D. Scott Emily J. Meister | Cameron D. Scott Emily J. Meister Christopher C. Barnes | Email communications | Communications regarding citizenship and residency of Plaintiff. |
| 10/17/2023 | 4 | Cameron D. Scott Emily J. Meister | Emily J. Meister Cameron D. Scott | Email communications | Communications regarding potential settlement and attendance at bankruptcy hearing. |
| 11/9/2023 | 3 | Cameron D. Scott Emily J. Meister | Emily J. Meister Cameron D. Scott | Email communications | Communications regarding potential settlement. |
| 11/13/2023- 11/28/2023 | 19 | Jenny Holman Cameron D. Scott Emily J. Meister Christopher C. Barnes | Jenny Holman Cameron D. Scott Emily J. Meister Christopher C. Barnes | Email communications | Communications regarding discovery. |

|  |  | Kenneth Love | Kenneth Love |  |  |
|---|---|---|---|---|---|
| 11/30/2023-12/8/2023 | 16 | Kenneth Love<br>Emily J. Meister<br>Christopher C. Barnes<br>Cameron D. Scott | Kenneth Love<br>Emily J. Meister<br>Christopher C. Barnes<br>Cameron D. Scott | Email communications | Communications regarding Motion to Amend Pre Trial Scheduling Order. |
| 1/5/2024 | 16 | Kenneth Love<br>Emily J. Meister<br>Cameron D. Scott<br>Christopher C. Barnes | Kenneth Love<br>Emily J. Meister<br>Cameron D. Scott<br>Christopher C. Barnes | Email communications | Communications regarding Plaintiff's Objection to Motion to Amend Pre Trial Scheduling Order. |
| 1/12/2024-1/16/2024 | 8 | Kenneth Love<br>Emily J. Meister<br>Cameron D. Scott<br>Christopher C. Barnes | Kenneth Love<br>Emily J. Meister<br>Cameron D. Scott<br>Christopher C. Barnes | Email communications | Communications regarding scheduling phone call. |
| 1/16/24-1/18/24 | 15 | Kenneth Love<br>Emily J. Meister<br>Christopher C. Barnes | Kenneth Love<br>Emily J. Meister<br>Christopher C. Barnes | Email communications | Communications between counsel regarding HOA attorney client privilege. |
| 1/25/24 | 2 | Emily J. Meister<br>Christopher C. Barnes<br>Cameron D. Scott | Emily J. Meister<br>Christopher C. Barnes<br>Cameron D. Scott | Email communications | Communications regarding other requests for payments to CCSD. |
| 1/26/2024 | 2 | Cameron D. Scott<br>Emily J. Meister | Christopher C. Barnes<br>Emily J. Meister<br>Cameron D. Scott | Email communications | Communications to provide copy of discovery responses. |
| 1/27/2024 | 2 | Emily J. Meister | Emily Meister<br>Cameron D. Scott | Email communications | Communications regarding |

| | | | Kenneth Love<br>Christopher C. Barnes | | Plaintiff's 2nd Set of ROGS and RPOD. |
|---|---|---|---|---|---|
| 1/30/2024-2/1/2024 | 8 | Emily J. Meister<br>Cameron D. Scott<br>Kenneth Love<br>Christopher C. Barnes | Emily J. Meister<br>Cameron D. Scott<br>Kenneth Love<br>Christopher C. Barnes | Email communications | Communications regarding potential settlement status. |
| 2/1/2024-2/6/2024 | 22 | Emily J. Meister<br>Cameron D. Scott<br>Kenneth Love<br>Christopher C. Barnes | Emily J. Meister<br>Cameron D. Scott<br>Kenneth Love<br>Christopher C. Barnes | Email communications | Communications regarding settlement and motion to approve. |