# EXHIBIT B



**MOON WRIGHT & HOUSTON**



212 North McDowell Street
Suite 200
Charlotte, NC 28204
main 704.944.6560
fax 704.944.0380
www.mwhattorneys.com

February 1, 2024

Cameron D. Scott
Pinyan Law PLLC
1320 Matthews Mint Hill Road
Charlotte, NC 28105
cam@24hourclose.com

*Via U.S. Mail and Email*

> **Re:** ***Watson et al. v. Forest Pond Homeowners Association, Inc. et al.***
> **(WDNC Adv. Proc. No. 23-03028)**
> **Discovery Response Deficiencies**

Dear Mr. Scott:

You will recall that our firm represents debtor-plaintiff Levander L. Watson, Jr. (the "Debtor") in the above-referenced adversary proceeding. We are in receipt of the responses to the Debtor's first set of interrogatories and requests for production from your client, CCSD Properties, LLC ("CCSD"). This letter is written pursuant to Bankruptcy Rules 9014 and 7037 in a good faith attempt to obtain full and complete discovery responses without court action. The deficiencies in CCSD's discovery responses are detailed below.

*Assertion of Boiler Plate Objections*

In response to Requests for Production 5-12, CCSD asserts an identical litany of unspecific, generic objections. In each instance, the response repeats that CCSD objects "to the extent" the request seeks information "not reasonably calculated to lead to the discovery of admissible evidence," "is unreasonable and oppressive," and will subject CCSD to "undue burden, expense and harassment."

It is impermissible under either Federal Rule 33 or 34 to employ such stock, boilerplate objections to discovery:

> General objections such as the ones asserted by [Defendant] are meaningless and constitute a waste of time for opposing counsel and the court. In the face of such objections, it is impossible to know whether information has been withheld and, if so, why. This is particularly true in cases like this where multiple

'general objections' are incorporated into many of the responses with no attempt
to show the application of each objection to the particular request.

*Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) (quoting *Weems v. Hodnett*, 2011 U.S. Dist. LEXIS 80746 (W.D. La. July 25, 2011)). The *Heller* court added that "[s]o-called boilerplate or unsupported objections – even when asserted in response to a specific discovery request and not as part of a general list of generic objections preceding any responses to specific discovery requests – are likewise improper …." *Id.*

Accordingly, to meet the specificity required by Rules 33 and 34, an objecting party must do more than rattle off a litany of trite phrases or make an objection "subject to" other trite phrases located elsewhere in the discovery response. Instead, the objecting party must explain how each objection applies to each specific discovery request. And as to document requests, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Thus, the objector must state whether responsive materials were withheld and link each specific objection to what was withheld. Otherwise, the objection fails to comply with Rules 33 and 34 and is therefore waived.

*Smash Tech., LLC v. Smash Solutions, LLC*, 335 F.R.D. 438, 447 (D. Utah 2020). *See also Atkins v. AT&T Mobility Servs., LLC*, 2019 U.S. Dist. LEXIS 227963, *21-21 (S.D. W.Va. April 25, 2019) (similarly finding that improper boilerplate objections to discovery constitute waiver); *Anderson v. Caldwell County Sheriff's Office*, 2011 U.S. Dist. LEXIS 62263, *8-9 (W.D.N.C. June 10, 2011) (same).

As noted in these authorities, the vague, boilerplate objections interposed by CCSD lack the required specificity and do not disclose whether, much less why, responsive information is being withheld. Any objections to the pertinent requests are waived as a result. We therefore request that CCSD correct its answers to Requests for Production 5-12, providing full and complete written answers and all responsive materials.

*Objections Based on Attorney-Client Privilege or Work Product Immunity*

Requests for Production 5-12 seek communications between CCSD and other persons or entities regarding the Debtor, the disputed property, and a foreclosure against or sale of the property. The counterparties to the referenced communications include, but are not limited to, defendants Black, Slaughter & Black, P.A. ("BSB") and Forest Pond Homeowners Association, Inc. (the "HOA"). In addition to asserting improper boilerplate objections as discussed above, CCSD further objects to these requests on the grounds of attorney-client privilege and work product immunity.

As an initial matter, communications between CCSD and any third party that is not its legal counsel are not shielded from disclosure by the attorney-client privilege. Does CCSD maintain that BSB or the HOA served as its legal counsel during the pertinent periods? If not, then all responsive communications with these parties should be produced. The same applies for

any other third parties as well. Simply put, CCSD must produce the requested communications with respect to those parties with whom it had no attorney-client relationship.

Further, there can be no privilege or immunity applicable to communications by or with BSB related to the very lien foreclosure in which it served as trustee. *See, e.g., Anderson v. Brokers, Inc. (In re Brokers, Inc.)*, 2006 Bankr. LEXIS 5033, *7 (Bankr. M.D.N.C. March 27, 2006). CCSD has no legitimate basis to object to the production of communications with BSB pursuant to Requests for Production 8-10, regarding the subject matter of the disputed foreclosure proceeding.

Finally, Federal Rule 26(b)(5) states that a party withholding information on the basis of an asserted privilege or immunity must expressly make the claim *and* describe the documents, communications, or things withheld in a manner that will enable the other party to assess the claim. Fed. R. Civ. P. 26(b)(5) (incorporated in Bankruptcy Rule 7026). The party must thus provide a privilege log. "A party simply cannot claim privilege and refuse to provide a privilege log; indeed, some courts have found that doing so results in waiver of the privilege." *Anderson v. Caldwell County Sheriff's Office*, 2011 U.S. Dist. LEXIS 62263, *5 (W.D.N.C. June 10, 2011) (citing authorities).

Given the foregoing authorities, we request that CCSD revisit its responses to Requests for Production 5-12, withdraw its privilege and immunity objections, and produce the full universe of responsive materials. Alternatively, if BSB intends to stand on its claim(s) of privilege, please provide a full and complete privilege log in compliance with Rule 26(b)(5) so that we may assess your client's assertions.

## *Lack of Verification*

Federal Rule 33 requires that interrogatories be answered in writing and under oath. Fed. R. Civ. P. 33(b)(3) (incorporated in Bankruptcy Rule 7033). CCSD's answers contain no such verification or oath. Please correct this omission.

## *Timing of Discovery Responses*

You emailed me on January 25, 2024, requesting a 10-day extension of time to respond to the Debtor's discovery beyond the January 19th return date previously ordered by Judge Beyer. The Court set that deadline after the litigation of an extension motion filed by the defendants. *See Order on Defendants' Motion to Amend Pre-Trial Scheduling Order* [Doc. 41]. I do not believe the parties can simply agree, after the fact, to revise a deadline set by the Court in an entered order.

I have no intention of making an issue of CCSD's failure to comply with the Court's ordered deadline, and assume it will make full and complete disclosure consistent with the points in this letter. However, if CCSD refuses to timely supplement its inadequate responses, the Debtor will file a motion to compel and reserves all rights in connection with the same.

Kindly address the deficiencies in CCSD's discovery responses as detailed above within seven (7) days of the date of this letter.  I am happy to discuss any points or requests that are unclear, and we thank you in advance for your prompt attention to this important matter.

Sincerely yours,

Richard S. Wright