# Exhibit A



**MOON WRIGHT & HOUSTON**

212 North McDowell Street
Suite 200
Charlotte, NC 28204
main 704.944.6560
fax 704.944.0380
www.mwhattorneys.com

January 30, 2024

Kenneth Love
10590 Independence Point Pkwy
Suite 200
Matthews, NC 28105
consumerattorneylove@gmail.com

*Via U.S. Mail and Email*

**Re:** ***Watson et al. v. Forest Pond Homeowners Association, Inc. et al.***
**(WDNC Adv. Proc. No. 23-03028)**
**Discovery Response Deficiencies**

Dear Kenneth:

You will recall that I represent debtor-plaintiff Levander L. Watson, Jr. (the "Debtor") in the above-referenced adversary proceeding. I am in receipt of the responses to the Debtor's first set of interrogatories and requests for production from your client, the Forest Pond Homeowners Association, Inc. (the "HOA"). This letter is written pursuant to Bankruptcy Rules 9014 and 7037 in a good faith attempt to obtain full and complete discovery responses without court action. Each deficiency in the HOA's discovery responses are specifically detailed below.

*Interrogatory No. 2*

The Debtor's Interrogatory 2 asks the HOA to identify all persons with knowledge of the facts alleged in the pleadings in this case. "Identify" is defined in the Debtor's requests, such that the responding party must provide names and detailed contact information for such persons. The HOA's answers generically state that unidentified board members of the HOA, employees of Law Firm Carolinas, and the Debtor himself have knowledge of the allegations. This response is vague, evasive, and unresponsive. The HOA should revise its answer to provide the specific and detailed information requested. I note this is the same information required by Federal Rule 26(a)(1)(A)(i), which your client also failed to provide in its initial disclosures dated November 6, 2023.

*Interrogatory No. 5*

Interrogatory 5 seeks the identity of the HOA's directors from 2020 to 2023, and their dates of service. The HOA's response includes eight names. However, only three of the names

include their dates of service, and <u>none</u> include the required contact information sought in connection with a request to "identify" someone. Accordingly, this response is insufficient and must be supplemented.

*Request for Production Nos. 5-8, 21-22, 24*

Document Requests 5-8, 21-22, and 24 seek a variety of information pertinent to this case, including meeting notices, minutes and memoranda from HOA meetings, invoices between the HOA and other defendants, and documents supporting denials by your client of allegations in the Debtor's complaint. In each instance, the HOA vaguely asserts that its files were "corrupted" and lost. The response advises that the HOA will "update once the corrected files are fixed." The Debtor has no idea what this response means, how or when the responsive materials were allegedly lost, or what is being done to remedy the situation. Therefore, I request that your client provide: (a) a fulsome explanation under oath of what happened to these allegedly damaged or missing files, including, but not limited to, precisely how and when they were damaged or lost, (b) supporting evidence that its explanation is true and fully accurate, and (c) an explanation of what affirmative steps the HOA has taken to recover the missing materials and data.

*Request for Production Nos. 13-14*

Document Requests 13-14 seek communications between the HOA and defendant Black Slaughter & Black, P.A. ("BSB") from May 12, 2021 to the present, which specifically reference the Debtor or the real property at issue in this adversary proceeding. In response, the HOA objects on the grounds of attorney-client privilege. The HOA admits with this objection that BSB served as its legal counsel while simultaneously serving as trustee in the lien foreclosure against my client. Putting aside BSB's conflicting duties in this regard, there can be no attorney-client privilege for communications related to the very lien foreclosure in which BSB was employed as trustee. *See, e.g., Anderson v. Brokers, Inc. (In re Brokers, Inc.)*, 2006 Bankr. LEXIS 5033, *7 (Bankr. M.D.N.C. March 27, 2006). Document requests 13-14 focus solely on communications referencing the Debtor and the disputed real property. As such, it is difficult to see how they could relate to anything other than the foreclosure or be subject to the attorney-client privilege.

Federal Rule 26(b)(5) states that a party withholding information on the basis of attorney-client privilege must describe the documents, communications, or things in a manner that will enable the other party to assess the claim. Fed. R. Civ. P. 26(b)(5) (incorporated in Bankruptcy Rule 7026). Accordingly, if the HOA intends to stand on its claim of privilege, please provide a full and complete privilege log in compliance with Rule 26(b)(5).

*Request for Production Nos. 17-18*

Document Requests 17-18 seek communications between the HOA and any third parties regarding the Debtor or the disputed property from January 1, 2020 to the present. The HOA merely states in response that "all communications would have been with the Association management company or Attorneys." The HOA's answer is evasive and unresponsive. On the one hand, the HOA apparently admits that responsive communications exist with its

management company and attorneys; on the other, there is no indication the HOA is producing those responsive communications. Perhaps the HOA means the Debtor may obtain the responsive materials directly from the applicable management company or counsel instead of troubling the HOA itself. However, the fact that responsive information is obtainable from a different source is not a valid objection to proper discovery:

> The plaintiffs' fifth objection to CFC's request is based on the ground that it seeks information and documents equally available to the propounding parties from their own records or from records which are equally available to the propounding parties. *However, with respect to this objection, courts have unambiguously stated that this exact objection is insufficient to resist a discovery request.*

*St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) (citing authorities, emphasis added). The Debtor is certainly entitled to the full universe of all responsive communications, and he is not required to resort to third-party sources in order to obtain them. Please revise the responses to Document Request Nos. 17-18 and direct the HOA to produce the documents sought.

### *Lack of Verification*

As I'm sure you're aware, Federal Rule 33 requires that interrogatories be answered in writing and under oath. Fed. R. Civ. P. 33(b)(3) (incorporated in Bankruptcy Rule 7033). The HOA's answers contain no such verification, oath, or affirmation. Please correct this omission.

------------------------------------

Kindly correct the deficiencies in the HOA's discovery responses as detailed above within seven (7) days of the date of this letter. I am happy to discuss any points or requests that are unclear. However, if the HOA refuses to timely supplement its inadequate responses, the Debtor intends to file a motion to compel and seek an award of fees for having to do so.

Sincerely yours,

Richard S. Wright