# Exhibit B



212 North McDowell Street
Suite 200
Charlotte, NC 28204
main 704.944.6560
fax 704.944.0380
www.mwhattorneys.com

MOON WRIGHT & HOUSTON

March 6, 2024

Kenneth Love                                                    *Via U.S. Mail and Email*
10590 Independence Point Pkwy
Suite 200
Matthews, NC 28105
consumerattorneylove@gmail.com

> **Re:**   ***Watson et al. v. Forest Pond Homeowners Association, Inc. et al.***
> **(WDNC Adv. Proc. No. 23-03028)**
> **Discovery Response Deficiencies**

Dear Kenneth:

I write as counsel to debtor-plaintiff Levander L. Watson, Jr. (the "Debtor") in the above-referenced adversary proceeding. This letter follows my prior correspondence to you of January 30, 2024 and the supplemental response of your client, the Forest Pond Homeowners Association, Inc. (the "HOA"), to the Debtor's first set of interrogatories and requests for production. We received the supplemental responses by email on March 4, 2024. There are some lingering issues with the HOA's discovery disclosures, and this letter is written pursuant to Bankruptcy Rules 9014 and 7037 in a good faith attempt to obtain full and complete responses without court action. The ongoing deficiencies are detailed below.

*Interrogatory No. 2*

The Debtor's Interrogatory 2 asks the HOA to identify all persons with knowledge of the facts alleged in the pleadings in this case. "Identify" is defined in the Debtor's requests, such that the responding party must provide names and detailed contact information for such persons. The HOA's original answers stated that unidentified board members of the HOA, employees of Law Firm Carolinas, and the Debtor himself have knowledge of the allegations. In my January 30th letter, I asked that the HOA revise its answer to provide the specific and detailed information requested for each identified person (which is the same information required by Federal Rule 26(a)(1)(A)(i)). The supplemental responses do not alter the original answer, so I again ask that the HOA rectify these omissions.

*Request for Production Nos. 13-14*

Document Requests 13-14 seek communications between the HOA and BSB from May 12, 2021 to the present, which specifically reference the Debtor or the real property at issue in this adversary proceeding. In its original responses, the HOA objected on the grounds of attorney-client privilege. In its supplemental answers, the HOA repeats its privilege objections but adds that all communications have been provided despite the objections. These answers are confusing and beg the question why the objections are still interposed if the communications are being produced. Moreover, no responsive communications have in fact been produced as explained below. Accordingly, I ask that the privilege claim be withdrawn explicitly and that the responsive communications be provided; alternatively, if documents are being withheld on the grounds of attorney-client privilege, please provide a detailed log consistent with Federal Rule of Civil Procedure 26(b)(5) so that we may assess the claim.

*Request for Production Nos. 17-18*

Document Requests 17-18 seek communications between the HOA and any third parties regarding the Debtor or the disputed property from January 1, 2020 to the present. The HOA originally answered both requests by stating "all communications would have been with the Association management company or Attorneys." The supplemental responses repeat this statement and add that "[n]o communications exists other than what has been provided." However, as noted below, nothing has been provided. If the HOA now intends to produce responsive communications, when and how will those items be delivered? Please supplement these responses to include the relevant information.

*Request for Production No. 21*

This request seeks all invoices or payment requests sent by the HOA to defendant Black, Slaughter & Black, P.A. ("BSB") from January 1, 2020 to the present. In its original answer, the HOA stated the pertinent files were corrupted or lost. In the supplemental responses, the HOA states "[n]o invoices have been provided by the previous management company. Defendant understands that this information has been provided by Defendant BSB." We're not sure what to make of this response. Is the HOA saying no responsive documents exist, that it has no responsive documents, that it cannot obtain the responsive documents from BSB, or that the Debtor must look elsewhere for documents originally sent to BSB by the HOA? And what company is referred to by "the previous management company"? Please amend this response to provide the requisite details.

*Request for Production No. 22*

This request seeks all invoices or payment requests received by the HOA from BSB from January 1, 2020 to the present. In both its original and supplemental responses, the HOA states the responsive documents were lost or corrupted, and that its answer will be updated. In my January 30th letter I requested that your client provide: (a) a fulsome explanation under oath of what happened to these allegedly damaged or missing files, including, but not limited to, precisely how and when the responsive materials were damaged or lost, (b) supporting evidence

that its explanation is true and fully accurate, and (c) an explanation of what affirmative steps the HOA has taken to recover the missing materials and data. These concerns are not addressed in the HOA's supplemental answers, so I again ask that the answer be amended to provide the requested information.

*Supplemental Responses Include No Document Production*

In your March 4, 2024 email attaching the HOA's supplemental written responses, you included a Google drive link. The message stated the link "has all of the documents we have which are responsive to your request." However, when we accessed the link, the only document available was a duplicate copy of the supplemental written responses themselves. There were no communications or other documents provided. I just checked the link again while drafting this letter and got the same result. Please clarify whether you intended to include an additional document production via the Google drive link, and if so, please provide the supplemental documents right away.

*Lack of Verification*

Your March 4, 2024 email message also indicated that a verification of the supplemental discovery responses would be forthcoming. As of this letter, that has not been received. Please provide the verification consistent with Federal Rule of Civil Procedure 33(b)(3) as well.

------------------------------------

With a continued scheduling conference rapidly approaching at the end of the week, I would appreciate knowing your client's responses to the concerns raised in this letter by the close of business tomorrow. If that is not possible, please let me know that as well.

Thank you in advance for your prompt attention to this important matter.

Sincerely yours,

Richard S. Wright