

FILED & JUDGMENT ENTERED
Steven T. Salata

April  18  2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_

Laura T. Beyer
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### (Charlotte Division)

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| **LEVANDER L. WATSON, JR.,** | ) | |
| | ) | Case No. 23-30536 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **LEVANDER L. WATSON, JR. and** | ) | |
| **JENNY P. HOLMAN, Chapter 13 Trustee for** | ) | |
| **the Bankruptcy Estate of Levander L. Watson,** | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. Proc. No. 23-03028 |
| | ) | |
| v. | ) | |
| | ) | |
| **FOREST POND HOMEOWNERS** | ) | |
| **ASSOCIATION, INC., BLACK, SLAUGHTER** | ) | |
| **& BLACK, P.A., and CCSD** | ) | |
| **PROPERTIES, LLC**, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT ORDER APPROVING SETTLEMENT OF ADVERSARY PROCEEDING

This cause came before the Court on April 3, 2024 for hearings upon the following

matters: (1) the *Motion to Approve Settlement* [Doc. 45]; (2) the *Motion for Protective Order*

*Relative to Plaintiff's First and Second Discovery Requests by Black, Slaughter & Black, P.A.*

MWH: 10802.001; 00029713.3

[Doc. 65]; (3) the *Motion to Compel Discovery from Defendant Black, Slaughter & Black, P.A.* [Doc. 67]; (4) the *Motion to Compel Discovery from Defendant CCSD Properties, LLC* [Doc. 68]; and (5) the *Motion to Compel Discovery from Forest Pond Homeowners Association, Inc.* [Doc. 69]. Kenneth Love, Esq. appeared for Defendant Forest Pond Homeowners Association, Inc. (the "HOA"); A. Cotten Wright, Esq. appeared for defendant Black, Slaughter & Black, P.A. ("BSB"); Cameron D. Scott, Esq. appeared for Defendant CCSD Properties, LLC ("CCSD"); Jenny P. Holman, Esq. appeared as the Standing Chapter 13 Trustee (the "Trustee"); and Richard S. Wright, Esq. appeared for debtor Levander L. Watson, Jr. (the "Debtor").

Upon the case being called, the parties announced a proposed settlement of this adversary proceeding and jointly requested that their agreement be approved pursuant to Bankruptcy Rule 9019(a). Based upon a review of the case file, the statements of counsel, and the consent of the parties as stated on the record, the Court now makes the following:

**FINDINGS OF FACT**

1. The Debtor purchased a house and lot located at 6308 Forest Pond Drive, Charlotte, North Carolina (the "Property") in December of 2011, where he has continuously resided since that time.

2. The Property is encumbered by a deed of trust in favor of Wells Fargo Bank, N.A. ("Wells Fargo").

3. The HOA commenced a foreclosure action against the Property in Mecklenburg County, North Carolina on March 2, 2022, to execute on a lien for unpaid assessments.

4. The HOA retained BSB to serve as the foreclosure trustee, and the Clerk of Superior Court authorized a foreclosure sale of the Property following a hearing on February 27, 2023.

5.      BSB then auctioned the property on or about April 20, 2023.  CCSD submitted the highest bid of $2,359.23 on April 21, 2023.

6.      BSB subsequently deeded the Property to CCSD on June 1, 2023 subject to the aforementioned deed of trust in favor of Wells Fargo.

7.      The Debtor filed for relief under Chapter 13 of the Bankruptcy Code in this Court on August 2, 2023.  He and the Trustee then filed the instant adversary proceeding on August 8, 2023, challenging the foreclosure sale as a fraudulent transfer.  CCSD, BSB, and the HOA deny the plaintiffs' allegations.

8.      Wells Fargo filed a secured claim in the Debtor's base case of $92,358.60, asserting a lien against the Property.  *Claim No. 1*.  The Debtor objected to Wells Fargo's claim on the grounds that the involuntary transfer of the Property prepetition to CCSD rendered the claim unsecured as to the bankruptcy estate.  *See Objection to Secured Claim of Wells Fargo Bank, N.A.* [Base Doc. 21].

9.      Wells Fargo subsequently agreed with the Debtor's position and amended its claim to reflect its unsecured status.  The Court then entered its *Order Resolving Objection to Secured Claim of Wells Fargo Bank, N.A.* (the "Claim Order") [Base Doc. 25].

10.     While the Claim Order directed that Wells Fargo holds an unsecured claim as to the Debtor's estate, it also recognized that the status of the claim might be revisited depending upon the outcome of this litigation.  The order stated that "[a]all parties' rights are reserved with respect to an amendment of Wells Fargo's claim in the event the prepetition transfer of the Property is avoided in the Avoidance Action or otherwise."  *Claim Order*, Decretal ¶ C.

11.     Following substantial discovery, the parties to the adversary proceeding have independently considered the merits and risks of their positions in the case, the expenses

attendant upon further litigation, and the probabilities of collection.  They have all concluded it is in their respective interests to resolve their differences as expeditiously as possible.

12.     Accordingly, the parties negotiated and agreed to settle their disputes on the following terms (the "Settlement"):

a)   CCSD shall be paid the sum of $51,000.00 (the "Settlement Amount") as follows: the Debtor shall pay $40,000.00, BSB shall pay $10,500.00, and the HOA shall pay $500.00.  All such sums shall be paid to CCSD's counsel by the applicable payor within seven (7) days of this Order becoming final, to be held in trust;

b)   Contemporaneously with its counsel's receipt of the Settlement Amount, CCSD shall execute and deliver to the Debtor's counsel a special warranty deed (the "Deed") conveying CCSD's right, title, and interest in the Property to the Debtor, at which time the Settlement Amount may be disbursed by CCSD's counsel as directed by CCSD;

c)   Within seven (7) days of his counsel's receipt of the executed Deed, the Debtor and the Trustee shall dismiss this adversary proceeding with prejudice (and either may request such dismissal by *ex parte* motion); and

d)   Upon dismissal of the adversary proceeding, all parties, including the Trustee on behalf of the bankruptcy estate, agree that they mutually release, acquit, and forever discharge one another from any and all claims, actions, causes of action, charges, demands, losses, fees, and any other charges of every kind, nature, and description whatsoever that they may have, whether contingent, known or unknown, liquidated or unliquidated, and disputed or undisputed, against one another through and including the date of the dismissal of this adversary proceeding; *provided only that* said releases shall not apply to the parties' respective obligations under the terms of the Settlement and this Order.

## CONCLUSIONS OF LAW

13.     The Court has jurisdiction pursuant to 11 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is appropriate under 28 U.S.C. § 1409.

14.     Federal Rule of Bankruptcy Procedure 9019(a) generally provides that the Court may approve a compromise or settlement after notice and a hearing.  Fed. R. Banker. P. 9019(a).  However, notice of settlements is governed specifically by Bankruptcy Rule 2002.  That provision, in turn, states that the Court may dispense with notice of a settlement for cause.  Fed. R. Banker. P. 2002(a)(3).

15.     "[C]compromises are favored in bankruptcy."  *Myers v. Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 *Collier on Bankruptcy* ¶ 9019.03[1] (15th ed. 1993)).  In approving a settlement, a court "need not conduct an exhaustive investigation," or mini-trial "into the validity of the merits of the claims sought to be compromised."  *United States v. Alaska Natal Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982).  It is sufficient that the court finds the settlement was negotiated in good faith and is reasonable, fair, and equitable.  *See Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

16.     Courts have identified the following factors for consideration when determining whether a proposed settlement agreement is reasonable, fair, and equitable:  (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay attending it; and the paramount interest of creditors.  *See Myers*, 91 F.3d at 393 (citing *Protective Comm. for Index. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968)).

17.     Consideration of the above factors does not require the Court to decide the questions of law and fact raised in the controversies to be settled, or to determine whether the

settlement presented is the best one that could possibly have been achieved.  Rather, the Court need only canvass the issues to determine whether the settlement falls "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972); *see, e.g., Cos off v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983).

18.     The parties in the present case have determined, with the assistance of their counsel, that their best interests are served by settling their disputes on the terms set forth above. Their Settlement avoids the risks and substantial expense of continued litigation for all parties, in an adversary proceeding involving complex issues of both substantive and procedural law. Further, approval of the Settlement will ensure that title to the Property is promptly vested in the Debtor for the benefit of the bankruptcy estate and its creditors.

19.     The proposed compromise is in the best interests of the Debtor, his estate, its creditors, and all affected parties; is reasonable, fair, and equitable; and favorably avoids the uncertainty and costs related to litigating the parties' respective claims and defenses.

20.     The Settlement should therefore be approved.

21.     Additionally, cause exists to dispense with further notice of the Settlement under Bankruptcy Rule 2002.  The only non-party creditor substantially affected by the Settlement is Wells Fargo.  As noted above, the Claim Order contemplated that the transfer of the Property could be avoided in this adversary proceeding.  That result is effectively achieved under the Settlement.

22.     Wells Fargo is not prejudiced by the Settlement because it will be afforded an opportunity to amend its claim to be treated as a secured obligation.

**THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:**

A.     The Settlement is approved;

B.      The parties are directed to comply with the terms of the Settlement and this Order;

C.      The Debtor and/or the Trustee are authorized to move *ex parte* for dismissal of this adversary proceeding with prejudice upon compliance with all other terms of the Settlement;

D.      The releases set forth in paragraph 12(d) above shall be effective upon dismissal of this adversary proceeding;

E.      The *Motion to Approve Settlement* [Doc. 45], the *Motion for Protective Order Relative to Plaintiff's First and Second Discovery Requests by Black, Slaughter & Black, P.A.* [Doc. 65], the *Motion to Compel Discovery from Defendant Black, Slaughter & Black, P.A.* [Doc. 67], the *Motion to Compel Discovery from Defendant CCSD Properties, LLC* [Doc. 68]; and the *Motion to Compel Discovery from Forest Pond Homeowners Association, Inc.* [Doc. 69] are hereby deemed withdrawn;

F.      This Order shall be entered in the adversary proceeding and in the Debtor's base case, and the Debtor shall serve copies of the same case-wide on all creditors;

G.      The findings and conclusions set forth in this Order are the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014.  To the extent any findings of fact constitute conclusions of law, and *vice versa*, they are adopted as such; and

H.      This Court shall retain jurisdiction over the implementation, interpretation, and enforcement of this Order.

**CONSENTED TO (Signatures Continue on Following Page):**

| | |
|---|---|
| _/s/ Jenny P. Holman_ | _/s/ Richard S. Wright_ |
| Jenny P. Holman | Richard S. Wright |
| Chapter 13 Trustee | Moon Wright & Houston, PLLC |
| 5970 Fairview Road, Suite 650 | 212 North McDowell Street, Suite 200 |
| Charlotte, NC 28210 | Charlotte, NC 28204 |
| (704) 372-9650 | (704) 944-6560 |
| jpholman@ch13clt.com | rwright@mwhattorneys.com |
| *Trustee* | *Counsel for Debtor* |

_____*/s/ Kenneth Love*_____
Kenneth Love
10590 Independence Pointe Pkwy
Suite 200
Matthews, NC 28105
(704) 364-6464
consumerattorneylove@gmail.com
*Counsel for Forest Pond Homeowners
Association, Inc.*

_____*/s/ A. Cotten Wright*_____
A. Cotten Wright
Grier Wright Martinez, PA
521 E. Morehead Street, Suite 440
Charlotte, NC 28202
(704) 332-0207
cwright@grierlaw.com
*Counsel for Black, Slaughter & Black, P.A.*

_____*/s/ Cameron D. Scott*_____
Camerson D. Scott
Pinyan Law PLLC
1320 Matthews Mint Hill Road
Charlotte, NC 28105
(704) 743-6387
cam@24hourclose.com
*Counsel for CCSD Properties LLC*

| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court |
|---|---|